UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MAURICE JOHNSON, individually and on : 
behalf of other similarly situated persons, :
                                                                          :
                        Plaintiff, :
                                                                          :     **SUMMARY ORDER**
                                                                          :     **ADOPTING IN PART**
    -against-                                              :     **REPORT & RECOMMENDATION**
                                                                          :
PARTS AUTHORITY, LLC, PARTS                       :     **16-cv-6852 (DLI) (RML)**
AUTHORITY, INC., PARTS AUTHORITY              :
PARTNERS FRANKLIN AVE LLC, PARTS             :
AUTHORITY SOUTHERN LLC, PARTS                :
AUTHORITY-WAW LLC, PARTS AUTHORITY  :
DISTRICT OF COLUMBIA LLC, PARTS                :
AUTHORITY ARIZONA LLC; PARTS                    :
AUTHORITYGEORGIA LLC, PARTS                     :
AUTHORITY METRO LLC, PA AUSTIN LLC       :
and YARON ROSENTHAL,                                   :
                                                                          :
                       Defendants. :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

On December 12, 2016, Maurice Johnson ("Plaintiff") initiated this action, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190, *et seq.*, 650, *et seq.* (*See* Complaint ("Compl."), Dkt. Entry No. 1.)[1]

On January 11, 2017, Parts Authority, LLC; Parts Authority, Inc.; Parts Authority Laurel Avenue LLC; Parts Authority Partners Franklin Avenue LLC; Parts Authority Southern LLC; Parts Authority-WAW LLC; Parts Authority District of Columbia LLC; Parts Authority Arizona LLC; Parts Authority Georgia LLC; Parts Authority Metro LLC; PA Austin LLC (collectively,

---

[1] The Court assumes familiarity with the facts of this case, which are set forth in greater detail in the Report and Recommendation ("R&R"). (R&R at 1-6.)

"Parts Authority"); and Yaron Rosenthal (together, with Parts Authority, "Defendants") filed their motion to stay the action and compel arbitration, arguing that Parts Authority can compel Plaintiff to arbitrate because: (i) the payments Plaintiff seeks and the relationship among Plaintiff and Parts Authority are inextricably intertwined with the agreement and arbitration commitment Plaintiff entered into with Diligent; and/or (ii) Parts Authority was an intended third-party beneficiary of the arbitration provisions of Plaintiff's Owner-Operator Agreement, which specifically was intended to apply to disputes arising out of Plaintiff's performance of services for Diligent's customers. (*See* Memorandum of Law in Support of Defendants' Motion to Stay Plaintiff's Action and Compel Individual Arbitration ("Def. Mot."), Dkt. Entry No. 25.) On January 25, 2017, Plaintiff opposed Defendants' Motion. (*See* Response in Opposition ("Pl. Opp."), Dkt. Entry No. 28.) On February 9, 2017, Defendants filed their reply. (*See* Reply in Support of Defendants' Motion to Stay Plaintiff's Action and Compel Individual Arbitration ("Def. Reply"), Dkt. Entry No. 30.)

On June 22, 2017, this Court referred Defendants' Motion to the Honorable Robert M. Levy, U.S. Magistrate Judge, for the preparation of the Report and Recommendation ("R&R"). On July 26, 2017, the magistrate judge heard argument on Defendants' Motion. (*See* Transcript of Proceedings Held on July 26, 2017, Dkt. Entry No. 35.) On August 17, 2017, the magistrate judge issued the R&R, recommending that Defendants' motion to stay this action and compel individual arbitration be granted. (*See* Report and Recommendation ("R&R"), Dkt. Entry No. 36.)

Plaintiff timely objected to the R&R. (*See* Plaintiff's Objections to Magistrate's Report and Recommendation ("Objections"), Dkt. Entry No. 37.) Defendants timely responded to Plaintiff's Objections. (*See* Defendants' Response to Plaintiff's Objections ("Response"), Dkt. Entry No. 38.) For the reasons set forth below, the R&R is adopted to the extent that Plaintiff is

compelled to arbitrate this matter and modified only to the extent that rather than stay this action, it is to be closed administratively, with leave to reopen should any party wish to contest the arbitrator's decision.

## LEGAL STANDARD

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The magistrate judge found that Plaintiff contracted with Diligent to provide delivery driving services as an independent owner-operator and that the agreement between Plaintiff and Diligent included an arbitration clause. (R&R at 4.) While Parts Authority was not a signatory to the agreement between Plaintiff and Diligent, the arbitration clause provided that Plaintiff would submit to arbitration any dispute arising out of or related to the agreement or Plaintiff's relationship with Diligent. (*Id.* at 8.)

In reaching his recommendation, the magistrate judge cited case law explaining that signatories to an arbitration agreement can be compelled to arbitrate their claims with a nonsignatory where the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed. (R&R at 9.) The magistrate judge found that the subject matter of the dispute here factually is intertwined with Plaintiff's arrangement with Diligent because Parts Authority contracts with Diligent for logistics services and Plaintiff contracted with Diligent to provide delivery services to Diligent's customers. (*Id.* at 10.)

Plaintiff asserts that the magistrate judge erred by failing to consider the existence of a co-employer relationship between Parts Authority and Diligent and whether Plaintiff knew about it. (Objections at 5, 6.) Plaintiff further objects on the ground that the R&R contains no finding that Diligent was Plaintiff's employer. (*Id.*)

Contrary to Plaintiff's assertion, the magistrate judge considered these issues when Plaintiff raised them in the first instance. The R&R addresses Plaintiff's intentional omission of any allegations in the complaint that "Parts Authority and Diligent comprise a single employer or

4

a single entity or jointly controlled plaintiff's employment." (R&R at 9.) As the magistrate judge explained, Plaintiff appears to have omitted these allegations as a strategy to avoid the fate of several other cases against Defendants and/or Diligent in which courts in this District granted motions to compel arbitration under the same owner-operator agreement, with the identical arbitration clause, as the one at issue here. (*Id.* at 8-9.) Plaintiff cannot in good faith object to the R&R simply because its strategy in this case failed to have the desired result.

Finally, Plaintiff objects that the R&R did not substantively address the intended third party beneficiary rule, and cites to his briefing opposing the motion to compel arbitration for further elaboration. (Objections at 9.) The R&R did not need to address the third party beneficiary rule because the issues were resolved under equitable estoppel. Defendants raised the third party beneficiary rule as an alternative theory to equitable estoppel; this does not necessitate a substantive analysis from this Court. Furthermore, objections should not rehash summarily original arguments.

## CONCLUSION

Upon due consideration and review, the objections are overruled, and the magistrate judge's detailed, thorough and very well reasoned R&R is adopted to the extent that Defendants' motion to compel arbitration is granted, but is modified only to the extent that rather than stay this action, it is to be closed administratively, with leave to reopen should any party wish to contest the arbitrator's decision.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2017

/s/
DORA L. IRIZARRY
Chief Judge