# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

MAURICE JOHNSON, individually and on behalf of other similarly situated persons,

                Plaintiff,

v.

PARTS AUTHORITY, LLC, et al.,

                Defendants.

Case No. 16-cv-06852 (DLI) (RML)

---

## MOTION TO RE-OPEN CASE TO CONFIRM ARBITRATION AWARD AND TO CONFIRM ARBITRATION AWARD, AND INCORPORATED MEMORANDUM OF LAW

Movant, Susana Lucio ("Ms. Lucio"), an opt-in Plaintiff, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, hereby moves this Court to (1) re-open the case for the limited purpose of confirming an arbitration award and (2) confirm an arbitration award rendered in her favor and against Defendants Parts Authority, LLC and Parts Authority, Inc. (collectively "Parts Authority"), and in support thereof, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is a Motion, pursuant to Section 9 of the FAA, to confirm an arbitration Award dated April 23, 2019 (the "Arbitration Award"), awarding Ms. Lucio a total of $11,731.08, awarding her attorney's fees of $112,580.00, awarding her costs of $5,775.48, and ordering Parts Authority to pay $2,950.00 for arbitration administrative fees and $16,150.00 for the arbitrator's fees. A copy of the Arbitration Award is attached as Exhibit A.

2. This Motion is brought within one year after the Arbitration Award was rendered.

3. All conditions precedent to this Motion have been performed, satisfied, or waived.

{00272141 2}

## THE ARBITRATION AND AWARDS

4. By way of background, Ms. Lucio previously worked for Parts Authority as an automotive parts delivery driver, Parts Authority classified her as an "independent contractor," Parts Authority thus refused to pay her overtime or minimum wage, and Ms. Lucio previously opted-in to this litigation.

5. This Court previously compelled arbitration of Ms. Lucio's claim. ECF Doc. # 40.

6. Ms. Lucio's Arbitration Award is the result of a vigorously-contested arbitration claim against Parts Authority.

7. The Arbitrator held that Parts Authority misclassified Ms. Lucio as an "independent contractor," that she was actually a statutory employee under the Fair Labor Standards Act ("FLSA"), and that Parts Authority should have paid her overtime and minimum wage. Ex. A.

8. The arbitration was conducted in accordance with the employment arbitration rules and procedures of the American Arbitration Association ("AAA") before Arbitrator Deborah Masucci. Both sides were afforded opportunity for full and fair discovery. Arbitrator Masucci determined multiple discovery disputes. The parties were afforded full and fair opportunity to present witnesses and documentary evidence during a day-and-a-half long final arbitration hearing held January 15 and 16, 2019 in Lake Success, Long Island, New York. Both sides submitted detailed pre- and post-hearing briefs. The parties also filed detailed briefs regarding the amount of fees and costs to be awarded. In all instances and without exception, Parts Authority's due process rights were respected during the entire course of the arbitration.

9. To date, Parts Authority has failed to pay the amounts Arbitrator Masucci ordered to be paid to Ms. Lucio and her counsel in the Arbitration Award (or any other amount).

# MEMORANDUM OF LAW IN SUPPORT OF
# <u>THE MOTION TO CONFIRM ARBITRATION AWARD</u>

10. Section 9 of the FAA authorizes the Court to enter judgment upon the Arbitration Award. 9 U.S.C. § 9. Section 9 further provides that the Court **must** confirm the award unless it is vacated, modified, or corrected pursuant to Sections 10 and 11 of the FAA. *Id.* As a matter of law, courts are required to confirm arbitration awards unless a party asserts a statutory basis for vacatur, modification or correction. *See* 9 U.S.C. § 9. Here, there is no basis to vacate, modify or correct the award.

11. Confirmation proceedings under Section 9 cannot be used to relitigate issues resolved in the arbitration.

12. "[T]he . . . goals of the FAA [are] achieved only to the extent that courts ensure arbitration is an alternative to litigation, **not an additional layer in a protracted contest**." *Superior Site Work, Inc. v. Triton Structural Concrete, Inc.,* 2013 U.S. Dist. LEXIS 104300, *20 (E.D.N.Y. Jul. 24, 2013) (emphasis added) (quoting *Adv. Bodycare Sols., LLC v. Thione Intern., Inc.,* 524 F.3d 1235, 1240 (11th Cir. 2008)). The FAA creates a "'strong presumption in favor of enforcing arbitration awards'" and courts have an "extremely limited" role in reviewing such awards. *Landau v. Eisenberg,* 2019 U.S. App. LEXIS 13137, *7 (2d Cir. May 1, 2019) (quoting *Wall St. Assocs., L.P. v. Becker Paribas Inc.,* 27 F.3d 845, 849 (2d Cir. 1994)). "In other words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Serv. EE's Int'l.,* 954 F.2d 794, 797 (2d Cir. 1992)).

13. Section 10(a) of the FAA provides only four grounds for vacating an arbitration award:

    a. where the award was procured by corruption, fraud, or undue means;

    b. where there was evident partiality or corruption in the arbitrators, or either of them;

    c. where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

    d. where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

14. The Second Circuit recognizes one more judicially-created ground for vacating an arbitral award, namely "manifest disregard of the law." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 208 (2d Cir. 2002). However, that ground is "severely limited." *Id.*

15. Section 11 of the FAA permits modification, but not *vacatur*, of an arbitration award in three limited situations:

    a. where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

    b. where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or

    c. where the award is imperfect in matter of form not affecting the merits of the controversy.

9. U.S.C. § 11.

16. Nothing in the Arbitration Award or the Arbitration record remotely suggests that any of the grounds or conditions set forth in Sections 10 or 11 exist, or that Arbitrator Masucci manifestly disregarded the law.

4

17. Finally, Section 12 of the FAA requires a party seeking to vacate, modify, or correct an arbitration award to serve notice of its intent. *Id.* § 12. Parts Authority has not served such a notice on Ms. Lucio.

18. Accordingly, no grounds exist to vacate, modify, or correct the Arbitration Award, and absent such grounds, Claimant respectfully submits that the Court must expeditiously confirm the Arbitration Award.

## **PRAYER FOR RELIEF**

19. For the foregoing reasons, Ms. Lucio respectfully requests that this Court expeditiously (1) re-open the case for the limited purpose of confirming the Arbitration Award, (2) enter an Order confirming the Arbitration Award in all respects, as authorized by Section 9 of the Federal Arbitration Act, (3) enter Final Judgment thereon, and (4) award such other relief as the Court deems just and proper.

20. Ms. Lucio further respectfully requests that the Court award Ms. Lucio's reasonable attorney's fees and costs in the even that Parts Authority opposes this Motion. *See, e.g., Int'l. Chem. Workers Local 227 v. BASF Wyandotte Corp.,* 774 F.2d 43, 47 (2d Cir. 1985) (in the context of a petition to confirm an arbitration award, fees may be awarded pursuant to a court's inherent equitable authority "when a challenger refuses to abide by an arbitrator's decision without justification.").

| | |
|---|---|
| Dated: May 13, 2019 | Respectfully Submitted,<br>**FINKELSTEIN, BLANKINSHIP,**<br>**FREI-PEARSON & GARBER, LLP**<br>By:*/s/ John Sardesai-Grant*<br>John Sardesai-Grant<br>Jeremiah Frei-Pearson<br>Andrew C. White<br>445 Hamilton Avenue, Suite 605<br>White Plains, New York 10601<br>Telephone: (914) 298-3281<br>Facsimile: (914) 824-1561<br>jsardesdai-grant@fbfglaw.com<br>jfrei-pearson@fbfglaw.com<br>awhite@fbfglaw.com<br><br>**WEINHAUS & POTASHNICK**<br>Mark Potashnick, MO Bar # 41315<br>(admitted *pro hac vice*)<br>11500 Olive Boulevard, Suite 133<br>St. Louis, Missouri 63141<br>Telephone: (314) 997-9150 ext. 2<br>Facsimile: (314) 997-9170<br>markp@wp-attorneys.com<br><br>**LIBERMAN, GOLDSTEIN & KARSH**<br>Eli Karsh, MO Bar # 43061<br>(admitted *pro hac vice*)<br>230 South Bemiston Avenue, Suite 1200<br>Clayton, Missouri 63105<br>Telephone: (314) 862-3333 ext. 13<br>Facsimile: (314) 863-0605<br>elikarsh@aol.com<br><br>*Attorneys for Plaintiff and the Putative Class* |

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on Respondents' attorneys of record via the Court's electronic case filing system on the date reflected in the Court's electronic case filing records.

>  */s/ Mark Potashnick*
>  Mark Potashnick