# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
MAURICE JOHNSON, individually and on    )    Case No. 16-cv-06852 (DLI) (RML)
behalf of other similarly situated persons,   )
                                             )
                           Plaintiff,    )
      v.                                      )
                                          )
PARTS AUTHORITY, LLC, et al.,       )
                                          )
                      Defendants.    )
---------------------------------------------------------------x

**PLAINTIFFS' COMBINED MEMORANDUM OF LAW (1) REPLYING IN SUPPORT OF HER MOTION TO RE-OPEN THE CASE TO CONFIRM THE FINAL ARBITRATION AWARD, (2) IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE THE ARBITRATION AWARD, AND (3) IN SUPPORT OF HER MOTION FOR ATTORNEYS' FEES**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL AND PROCEDURAL HISTORY ........................................................................... 2

    I.    Maurice Johnson Filed A Class Action To Redress
        Parts Authority's Systematic Violation Of Minimum Wage Law And
        Parts Authority Successfully Moved To Compel Individual Arbitration ........................ 3

    II.   As Parts Authority Requested, Ms. Lucio And
        Parts Authority Arbitrated Before The American Arbitration Association ..................... 9

DISCUSSION ............................................................................................................................ 9

    I.    Legal Standard ............................................................................................................. 9

    II.   Arbitrator Masucci Did Not Act In Manifest Disregard Of The Law ........................... 11

    III.  This Court Should Reopen This Matter To
        Enter An Order Confirming The Final Award .............................................................. 14

    IV.  This Court Should Reopen This Matter To
        Enter An Order Confirming The Final Award .............................................................. 14

    V.   Claimant's Counsel Are Entitled to $10,000 In Fees For Confirming The Award ........ 18

        A.     Legal Standard .................................................................................................. 19

        B.     Plaintiffs' Counsel's Lodestar is $21,980.00 .................................................... 21

CONCLUSION ......................................................................................................................... 23

# TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Nursing Home v. Local 144,*
  1992 WL 47553 (S.D.N.Y. Mar. 4, 1992) ............................................................. 20

*Anjum v. J.C. Penney* Co.,
  2014 WL 5090018 (E.D.N.Y. Oct. 9, 2014) .......................................................... 21

*Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany,*
  522 F.2d 182, 190 (2d Cir. 2008) (2d Cir. 2008) ................................................. 25

*Brown v. Siemens Healthcare Diagnostics, Inc.,*
  2012 U.S. Dist. LEXIS 106569, (D. Md. Jul. 31, 2012) ...................................... 22

*Colon v. Berryhill,*
  2018 U.S. Dist. LEXIS 60252 (E.D.N.Y. Apr. 9, 2018) ...................................... 25

*Dist. Council No. 9 v. APC Painting, Inc.,*
  272 F. Supp. 2d 229 (S.D.N.Y. 2003) ................................................................. 19

*Folkways Music Publishers, Inc. v. Weiss,*
  989 F.2d 108 (2d Cir. 1993) ............................................................ 6, 14, 16, 21

*Garcia v. Pancho Villa's of Huntington Village, Inc.,*
  2012 U.S. Dist. LEXIS 144446 (E.D.N.Y. Oct. 12, 2012) ................................... 23

*Goldberger v. Integrated Res. Inc.,*
  209 F.3d 43 (2d Cir. 2000) ................................................................................. 24

*Greenberg v. Bear, Stearns & Co.,*
  220 F.3d 22 (2d Cir. 2000) ................................................................................. 14

*Guan v. Long Isl. Bus. Inst., Inc.,*
  2017 U.S. Dist. LEXIS 217961, (E.D.N.Y. Mar. 2, 2017) ................................... 26

*Hagelthorn v. Kennecott Corp.,*
  710 F.2d 76 (2d Cir. 1983) ................................................................................. 23

*Herrington v. Waterstone Mortg. Corp.,*
  2018 U.S. Dist. LEXIS 22374 (W.D. Wis. Feb. 12, 2018) ................................... 24

*In re Arbitration Before New York Stock Exch., Inc.,*
  2004 WL 2072460 (S.D.N.Y. Sept. 8, 2004) ...................................................... 14

*Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union,*
  954 F.2d 794 (2d Cir. 1992) ............................................................................... 14

*Local 2110, Tech. Office & Prof'l. Union, AFL-CIO v. Teachers Coll.,*
  2018 U.S. Dist. LEXIS 120210 (S.D.N.Y. Jul. 17, 2018) .................................... 19

*Millrock Tech. Inc. v. Pixar Bio Corp.,*
  2018 WL 6257499 (N.D.N.Y. Nov. 30, 2018) ..................................................... 14

*Monserrate v. Tequipment, Inc.,*
  2012 U.S. Dist. LEXIS 164265 (E.D.N.Y. Nov. 16, 2012) ................................... 23

*Myers v. Hertz Corp.,*
  624 F.3d 537 (2d Cir. 2010) ............................................................................... 21

iii

*Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*,
523 F. App'x 756 (2d Cir. 2013)...............................................................14

*Nat'l Bulk Carriers, Inc. v. Princess Mgmt. Co.*,
597 F.2d 819 (2d Cir. 1979) ......................................................................18

*New Prime Inc. v. Oliveira*,
139 S. Ct. 532 (2019),...............................................................................13

*Ottley v. Schwartzberg*,
819 F.2d 373 (2d Cir. 1987) ......................................................................15

*Pimental v. Memories Pub Inc.*,
2018 U.S. Dist. LEXIS 27923 (E.D.N.Y. Feb. 20, 2018)...........................23

*Ramirez v. Northeast Logistics, Inc.*,
2018 WL 4739745 (S.D.N.Y. Sep. 7, 2018) ..............................................18

*Ruiz v. Citibank, N.A.*,
93 F. Supp. 3d 279 (S.D.N.Y. 2015)..........................................................21

*Rasulev v. Good Care Agency, Inc.*,
2017 U.S. Dist. LEXIS 221519, (E.D.N.Y. Jul. 28, 2017) .........................24

*Reyes v. Altamarea Grp.*,
U.S. Dist. LEXIS 115984 (S.D.N.Y. Aug. 16, 2011) .................................24

*Rubenstein v. Advanced Equities, Inc.*,
*Equities, Inc.*, 2014 U.S. Dist. LEXIS 44567 (S.D.N.Y. Mar. 31, 2014) .............24

*Sajvin v. Singh Farm Corp.*,
2018 U.S. Dist. LEXIS 137485, 23 (E.D.N.Y. Aug. 13, 2018) ...................25

*Saleem v. Corporate Transp. Grp., Ltd.*,
854 F.3d 131 (2d Cir. 2017).........................................................................9

*Sanchez v. El Rancho Sports Bar Corp.*,
2015 WL 3999161 (S.D.N.Y. June 30, 2015) ...........................................21

*Sand v. Greenberg*,
2010 LEXIS 1120, (S.D.N.Y. Jan. 7, 2010)...............................................23

*Scantland v. Jeffry Knight, Inc.*,
721 F.3d 1308 (11th Cir. 2013).....................................................................9

*Siegel v. Titan Indus. Corp.*,
779 F.2d 891 (2d Cir.1985)........................................................................16

*Simmons v. N.Y. City Transit Auth.*,
575 F.3d 170 (2d Cir. 2009) ......................................................................25

*Smiga v. Dean Witter Reynolds, Inc.*,
766 F.2d 698 (2d Cir. 1985) ......................................................................20

*Southside Hosp. v. New York State Nurses Assoc.*, No. CV 15-2282-JS (GRB),
2017 WL 9485721 (E.D.N.Y. Jan. 26, 2017)............................................19

*Thomas v. Right Choice Staffing Grp., LLC*,
2018 U.S. Dist. LEXIS 101299, (E.D. Mich. Jun. 18, 2018)......................24

*U.S. v. Mariani*,
539 F.2d 915 (2d Cir. 1976) ......................................................................22

*Uber Techs., Inc. v. Bizounouya*,
2019 WL 2004278 (S.D.N.Y. May 7, 2019) ..............................................14

*United States ex rel Superior Steel Connectors Corp. v. RK Specialties Inc.*,
2012 WL 3264296 (D. Colo. Aug. 10, 2012) ........................................ 6, 19
*Universal Computer Servs. v. Dealer Servs.*,
2003 U.S. Dist. LEXIS 12237, (E.D.N.Y. Jul. 17, 2003) ........................ 24
*Villarreal v. Woodham*,
113 F.3d 202 (11th Cir. 1997)........................................................... 12, 13
*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*,
103 F.3d 9 (2d Cir. 1997)........................................................ 13, 16, 22, 25
*Willix v. Healthfirst*, 2011 U.S. Dist. 21102,
2011 U.S. Dist. 21102 (E.D.N.Y. Feb. 18, 2011) ................................. 24
*Zeiler v. Deitsch*,
500 F.3d 157 (2d Cir. 2007)..........................................................Passim
*Zheng v. Liberty Apparel Co. Inc.*,
355 F.3d 61 (2d Cir. 2003) ............................................................. 18

Statutes

9 U.S.C. § 9........................................................................................ 15, 16
9 U.S.C. § 10...................................................................................... 15
9 U.S.C. § 10(a) ................................................................................. 16
9 U.S.C. § 11...................................................................................... 15
29 U.S.C. 216(b) ............................................................................ 7, 21, 24
29 U.S.C. § 10.................................................................................... 19

## PRELIMINARY STATEMENT

Parts Authority, LLC, Parts Authority, Inc., Parts Authority Laurel Avenue LLC, Parts Authority Partners Franklin Ave LLC, Parts Authority Southern LLC, Parts Authority-Waw LLC, Parts Authority District Of Columbia, LLC, Parts Authority Arizona LLC, Parts Authority Georgia LLC, Parts Authority Metro LLC, PA Austin LLC, and Yaron Rosenthal (collectively, "Parts Authority") successfully argued to this Court that disputes against Parts Authority must be resolved in individual arbitration. *See* Order Adopting Report and Recommendation in Part and Modifying in Part, Dkt. No. 44 (the "Order"). Accordingly, Susana Lucio arbitrated her claims against Parts Authority alleging its systematic violation of the Fair Labor Standard Act ("FLSA"). A highly skilled and experienced arbitrator, Deborah Masucci, presided over thorough arbitration proceedings, which involved extensive document production, depositions, motion practice, over 100 pages of briefing on the merits, and a two-day final arbitration hearing. Arbitrator Masucci issued a correct and well-reasoned decision. *See* Final Award, Ex. A to the Declaration of Jeremiah Frei-Pearson ("Frei-Pearson Decl."). that Defendants Parts Authority, LLC and Parts Authority, Inc. employed Susana Lucio and paid her $5,865.54 less than the law requires. On its face, the Final Award is based on the parties' agreement and applicable law. In light of the Second Circuit's command that "[a]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation", *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993), Ms. Lucio's simple motion to confirm her arbitration award should be easily resolved in her favor with little briefing required.

Unfortunately, Parts Authority opposes Ms. Lucio's motion to confirm and moves to vacate. *See* Dkt. No. 45 ("Opposition"). As set forth below, all of the grounds in Parts

Authority's Opposition are meritless. As just one example, Parts Authority cites to a single outlier case from outside this Circuit to argue that this Court should refuse to confirm Ms. Lucio's Final Award because Parts Authority paid her after she moved to confirm the Final Award. Opposition at 6 (citing *United States ex rel Superior Steel Connectors Corp. v. RK Specialties Inc.*, No. 11-1488, 2012 WL 3264296 (D. Colo. Aug. 10, 2012)). But the Second Circuit has explicitly held that "prior compliance is not a ground for refusal of confirmation" of an arbitration award. *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). Defendant's failure to cite to binding Second Circuit authority (or the many New York district court cases following that authority) is troubling, and reflects the weakness of all of Parts Authority's arguments against confirmation -- each of which is addressed below.

Because Parts Authority's Opposition required Ms Lucio's counsel to unnecessarily expend resources on this brief, Ms. Lucio now seek an additional fee award of $10,000, which she is entitled to as a prevailing party under FLSA. In order to minimize further unnecessary disputes, the request for $10,000 is highly discounted. As set forth in more detail below, Plaintiff Susana Lucio respectfully requests that this Court (i) re-open this case for the limited purpose of confirming the Final Award; (ii) confirm the Final Award; (iii) deny Defendants' motion to vacate; and (iv) award Plaintiff's counsel $10,000 in additional attorneys' fees.

## FACTUAL AND PROCEDURAL HISTORY

**I.      Maurice Johnson Filed A Class Action To Redress
Parts Authority's Systematic Violation Of Minimum Wage Law And
Parts Authority Successfully Moved To Compel Individual Arbitration.**

Parts Authority maximizes its profits by systematically misclassifying delivery drivers it employs as independent contractors and then paying them wages far below the minimum. *See*

2

Dkt. No. 1.  To redress this injustice, on December 12, 2016, Maurice Johnson filed a class and collective action against Parts Authority.  *Id.*  On January 11, 2017, Parts Authority filed a Motion to Stay Plaintiff's Action and Compel Individual Arbitration (the "Motion to Compel"). Dkt. No. 25.  Magistrate Judge Levy issued a Report and Recommendation granting the Motion To Compel on August 17, 2017, Dkt. No. 36, which this Court adopted in part on September 30, 2017.  Dkt. No. 40.

On March 6, 2017, before the Motion to Stay and Compel was granted, Susana Lucio ("Claimant" or "Ms. Lucio") executed her Consent to Become a Party Plaintiff in this action, pursuant to 29 U.S.C. 216(b).  Dkt. Nos. 31 & 31-1 ("Consent Form").  Ms. Lucio explicitly "consent[ed] to becom[ing] a party plaintiff seeking unpaid wages and compensation against [Parts Authority]."  In doing so, Ms. Lucio officially "join[ed] the lawsuit."  *Id.*  At no point prior to briefings on Plaintiff's request to confirm the Final Award did Parts Authority object to her involvement as a party plaintiff in this action.

## II.     As Parts Authority Requested, Ms. Lucio And Parts Authority Arbitrated Before The American Arbitration Association.

On January 30, 2018, Ms. Lucio filed a 16-page Statement of Claims with the American Arbitration Association ("AAA").  Statement of Claims, filed January 30, 2018, Frei-Pearson Decl. at Ex. B  (the "Statement").  In the Statement, Ms. Lucio detailed her mistreatment as an employee of Parts Authority.  Moreover, she alleged specific facts establishing that Parts Authority was her employer and detailed the specific means by which Parts Authority exerted meaningful control over her work.  Statement ¶¶ 21, i-xii.

On April 23, 2018, the parties mutually agreed to arbitrate before Deborah Masucci, a well-respected AAA arbitrator who has presided over more than 125 arbitrations.  Frei-Pearson

Decl. at .  The Parties engaged in substantial discovery before Arbitrator Masucci; both sides produced documents; Arbitrator Masucci granted in part and denied in part Ms. Lucio's motion to compel the production of additional documents; Parts Authority deposed Ms. Lucio; and Ms. Lucio deposed a Parts Authority executive.  The Parties also held several conferences with Arbitrator Masucci where both sides discussed their theories of the case.  During that time, Ms. Lucio made clear that she asserted Parts Authority employed her and paid her wages far below the legal minimum.  Parts Authority made clear that it argued that (i) Ms. Lucio was an independent contractor not an employee; (ii) if Ms. Lucio were an employee, she was not employed by Parts Authority but, rather, by non-party BBB Logistics, Inc. d/b/a Diligent Delivery Systems ("Diligent"); and (iii) even if Parts Authority employed Ms. Lucio, her wages were still above the minimum.

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████







████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

████████████████████

On April 25, 2019, Arbitrator Masucci issued a decision awarding Ms. Lucio total damages in the amount of $11,731.08, ████████████████████████████████ and awarding Ms. Lucio's counsel $112,580.00 in fees and $5,775.48 in costs.  Final Award, at 6. After describing the relevant procedural history, *id.* at 1-2, and the facts of the case, *id.* at 2, the arbitrator analyzed Ms. Lucio's claims and Parts Authority's response, *id.* at 3-6.

████████████████████████████████████████████

███████████ Arbitrator Masucci expressly considered a similar list of factors to determine whether Ms. Lucio was treated as an employee or an independent contractor:  "• The degree of control by employer over employee[;] • The worker's opportunity for profit/loss and their investment in the business[;] • The degree of skill and independent initiative require[d;] •The permanence or duration of the working relationship[; and] The extent to which work is an integral part of the employer's business."  Final Award, at 2-5.  Arbitrator Massucci applied the relevant facts to each of these criteria.  *Id.*  Based on that analysis, Arbitrator Masucci held that Ms. Lucio was a statutory employee within the meaning of FLSA.  *Id.*, at 5-6.

Notably, in examining the key factor, control by an alleged employer over an alleged employee, the arbitrator cited the high level of control exerted over Ms. Lucio by Tammy Turner,

the Parts Authority warehouse manager, and Monica Carter, a dispatcher. *Id.* at 3. Arbitrator Masucci also acknowledged that Ms. Lucio's testimony regarding her experience at Parts Authority was credible, and "[t]he number of direct references she made to control by a Parts Authority employee was substantial." *Id.* In contrast, Arbitrator Masucci found that "Respondent did not offer a witness with first-hand knowledge of the interactions between Claimant and Respondent." *Id.*

Although Arbitrator Masucci's Final Award contains a few references to her finding that Ms. Lucio believed that she was employed, the overwhelming majority of analysis set forth in that Final Award clearly shows that Arbitrator Masucci based her conclusion on application of the facts elicited at the final arbitration hearing to a substantially-similar multi-factor legal standard █████████████████████████████████████████████████

████████████████

Arbitrator Masucci's award required Parts Authority to issue payment "within 30 days" or by May 25, 2019. Final Award at 7. Ms. Lucio moved to confirm Arbitrator Masucci's award on May 13, 2019. Dkt. No. 43. Parts Authority then issued payment on May 24, 2019. Frei-Pearson Decl. at 4. However, Parts Authority now seeks a refund of the payment through its pending motion to vacate.

## DISCUSSION

### I. Legal Standard

Because of the "favorable federal policy toward arbitration," *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 535 (2019), "[t]he showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate the award has the burden of proof."

*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). Accordingly, "[a]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993). "An arbitrator's award is entitled to 'significant deference.'" *Uber Techs., Inc. v. Bizounouya*, No. 18-12120, 2019 WL 2004278, at *1 (S.D.N.Y. May 7, 2019) (quoting *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013)). "Only 'a barely colorable justification for the outcome reached' by the arbitrator is required to confirm the award." *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

Judge Suddaby recently explained that:

"In addition to the statutory grounds stated in the FAA, the Second Circuit has recognized that an arbitration award may be vacated 'if it is in manifest disregard of the law.'" (*In re Arbitration Before New York Stock Exch., Inc.*, No. 04-488, 2004 WL 2072460, at *1 (S.D.N.Y. Sept. 8, 2004)) "Manifest disregard clearly means more than error or misunderstanding with respect to the law." *Id.* "To vacate an arbitration award on the grounds of manifest disregard of the law, 'a reviewing court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'" *Id.* (quoting *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir. 2000)). "Where there is a 'colorable justification' or a 'rational basis' for an award, it is not in 'manifest disregard of the law.'" *Id.* "Review of arbitration awards for manifest disregard is 'severely limited.'" *Id.*

*Millrock Tech. Inc. v. Pixar Bio Corp.*, No. 18-0666, 2018 WL 6257499, at *2 (N.D.N.Y. Nov. 30, 2018).

Parts Authority argues various reasons for *vacatur* of Arbitrator Masucci's Final Award: (1) the action may not be reopened by Ms. Lucio because she is not a party to the action, (2) she

does not contest the Final Award (as opposed to seeking confirmation of that Final Award), (3) the Final Award has been satisfied, and (4) "[t]he arbitrator manifestly disregarded the law," *id.* at 6-8.

Although the Second Circuit recognizes that "manifest disregard of the law" may be a ground for *vacatur,* none of these bases are enumerated under "Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 (1982)[ ("Section 9")]," which "sets forth the procedures under which arbitration awards are to be confirmed by district courts. The statute provides that the district court must grant a petition to confirm an arbitration award if it properly is brought within one year of the date of the award, unless one of the statutory bases for vacating or modifying the award is established."[2] *Ottley v. Schwartzberg*, 819 F.2d 373, 375 (2d Cir. 1987). The Final Award was issued April 25, 2019, and the subject motion was filed on May 13, 2019 -- less than one month after the arbitrator issued the Final Award. *See* Arbitrator's Decision; *and see* the Motion. Furthermore, Parts Authority fails to meet the high burden of showing that the arbitrator's decision constituted manifest disregard of the law. In fact, the Final Award shows on its face that Arbitrator Masucci applied the facts to substantially similar factors identified by

---

[2] The statutory bases for vacating or modifying an award are "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; [] (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made;" 9 U.S.C. § 10, "(a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;] (b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[; or] (c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. None of these bases are present here.

Parts Authority itself in ████████████████████████. Moreover, the face of the Final Award shows that it is supported by objective evidence and a thorough analysis. Because no legitimate basis exists to challenge the Motion, the Court should confirm the Final Award.

## II.  Arbitrator Masucci Did Not Act In Manifest Disregard Of The Law.

As previously noted, "[a]rbitration awards are subject to very limited review." *Standard Microsystems*, 103 F.3d at 13 (citing *Folkways Music Publishers*, 989 F.2d at 111). To avoid summary confirmation, Parts Authority must establish the existence of one of the specific statutory grounds listed in Section 9. Alternatively, "a district court may vacate arbitration awards when the arbitrators acted in manifest disregard of the law." *Id.* Parts Authority does not even attempt to cite any of the limited number of grounds for vacation listed in 9 U.S.C. § 10(a). Instead, it claims that "the award is in manifest disregard of the law." Opposition at 6.

The manifest disregard standard is high. In fact, "the erroneous application of rules of law is not a ground for vacating an arbitrator's award, . . . nor is the fact that an arbitrator erroneously decided the fact." *Siegel v. Titan Indus. Corp.,* 779 F.2d 891, 892 (2d Cir.1985) (internal citations removed) (per curiam). "The 'manifest disregard' test requires "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." *Standard Microsystems Corp*, 103 F.3d at 12 (citing *Siegel*, 770 F.2d at 892). Where the arbitrator provides an explanation for their decision, the reviewing court must confirm the award unless the arbitrator "understood and correctly stated the law but proceeded to ignore it." *Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 892–93 (2d Cir. 1985). Conversely, where the arbitrator declines to provide an explanation, the court must confirm the

arbitration award "[i]f there is "even a barely colorable justification for the outcome reached."

*Standard Microsystems*, 103 F.3d at 13.

Here, Arbitrator Masucci expressly applied the same basic legal standard ████████

████████████████████████████████████████████, and she provided an

explanation for her decision that fully accorded with the law. The sole basis for Parts

Authority's claim of manifest disregard is that the arbitrator "substitute[ed] Lucio's subjective

belief about her status for evidence proving the elements of that status." Opposition at 8. This is

false. The Final Award itself shows that Arbitrator Masucci applied the same basic legal factors

and test that Parts Authority identified. In summarizing more than 200 pages of testimony,

Arbitrator Masucci specifically credited Parts Authority's argument that "[o]n a corporate level,

there were practices and procedures in place to distinguish Diligent and [drivers contracting with

Diligent] from [Parts Authority] and its employee drivers." Final Award at 5. Nonetheless,

based on the weight of the evidence presented, Arbitrator Masucci held that "Claimant's

testimony could not be adequately rebutted" and that applying the factors identified by Parts

Authority to the evidence adduced at the hearing, dictated a finding of an employer-employee

relationship.

Although Arbitrator Masucci included a few references to Ms. Lucio's belief in her Final

Award, the overwhelming totality of that award clearly shows that Arbitrator Masucci based her

finding that Ms. Lucio was an employee on application of the relevant law, as expressly

identified by Parts Authority both before and after the final arbitration hearing, to the specific

facts of Ms. Lucio's employment. Final Award at 2-5. Parts Authority's reliance on a few

cherry-picked comments taken out of context, while ignoring the bulk of Arbitrator Masucci's

substantive analysis and factual findings, shows the extreme weakness of its grounds for *vacatur*.

In a footnote, Parts Authority contends that failing to find Diligent, rather than Parts

Authority, was Ms. Lucio's employer further supports its argument that Arbitrator Masucci's

ruling was in manifest disregard of the law. Opposition at n.5. But, not only did Arbitrator

Masucci consider Diligent's role -- acknowledging that Ms. Lucio "sign[ed] a Diligent 'Owner

Operator Agreement'" but nonetheless finding "sufficient evidence [] to support and

employee/employer relationship with [Parts Authority] for purposes of FLSA," Final Award at 5

-- her finding is also directly in line with the court-confirmed ruling in other arbitrations of

delivery drivers employed under the same circumstances. In *Ramirez v. Northeast Logistics,

Inc.*, No. 18-8192, 2018 WL 4739745 (S.D.N.Y. Sep. 7, 2018) (Arbitration Award for AAA

Case 01-17-0000-3508), Judge Karas, <u>upon a motion by one of Parts Authority's current counsel</u>,

confirmed an award by Arbitrator Alfred Feliu finding that a delivery driver employed under the

same scheme as Ms. Lucio was not a Diligent employee because "[t]he record clearly

demonstrates that it was Parts Authority, and not Diligent that exerted greater control over [the

delivery driver's] day to day activities." Moreover, whether Ms. Lucio was Diligent's employee

has no logical relevance to whether she was Parts Authority's employee. *See, e.g.*, *Zheng v.

Liberty Apparel Co. Inc.*, 355 F.3d 61, 66 (2d Cir. 2003) ("The regulations promulgated under

FLSA expressly recognize that a worker may be employed by more than one entity at the same

time.").

As Ms. Lucio has argued, Arbitrator Masucci's decision was correct. However, even if

this court were to feel otherwise, it is clear that Arbitrator Masucci's decision did not constitute

manifest disregard of the law, especially under the incredibly difficult standard that Parts Authority must prove. Parts Authority's disagreement with Arbitrator Masucci's interpretation of the facts and / or her verdict provides no grounds to vacate the Final Award. *See Nat'l Bulk Carriers, Inc. v. Princess Mgmt. Co.*, 597 F.2d 819, 824 (2d Cir. 1979) ("[W]e fail to comprehend how an arbitrator who made a careful evaluation of the evidence before him, accepted some claims and rejected others, and finally awarded damages he believed justified by the record can in any sense be said to have abdicated his duty to decide.").

### III. This Court Should Reopen This Matter To Enter An Order Confirming The Final Award.

Parts Authority makes a series of scattershot arguments against confirming the Final Award, claiming that Ms. Lucio is not a party to this action and that she, therefore, may not reopen it; that a party may only reopen the instant action for the "reserved purpose of 'contest[ing] the arbitrator's decision;'" and that the motion is moot because Parts Authority already paid Ms. Lucio. Opposition at 5. All of these arguments lack merit and fail to relate in any way to the limited number of permissible enumerated grounds set forth in Section 10 of the FAA, 29 U.S.C. § 10, which govern a motion to vacate an arbitration award.

Defendant cites to a single, unreported decision from the District of Colorado, *United States ex rel. Superior Steel Connectors Corp. v. RK Specialties Inc.*, No. 11-1488, 2012 WL 3264296 (D. Colo. Aug. 10, 2012), where the court elected not to confirm an arbitration award after it had been paid, to argue that Parts Authority's payment to Ms. Lucio provides a basis not to confirm Ms. Lucio's Final Award. Opposition at 6. But the Second Circuit has held that "prior compliance is not a ground for refusal of confirmation" of an arbitration award. *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007); *accord, e.g.*, *Local 2110, Tech. Office & Prof'l.*

*Union, AFL-CIO v. Teachers Coll.,* 2018 U.S. Dist. LEXIS 120210, *2-3 (S.D.N.Y. Jul. 17,

2018) (collecting cases); *Southside Hosp. v. New York State Nurses Assoc.,* No. CV 15-2282-JS

(GRB), 2017 WL 9485721, at *5 (E.D.N.Y. Jan. 26, 2017) ("A court may confirm an arbitration

award even when the party has fully complied with that award."); *Dist. Council No. 9 v. APC

Painting, Inc.,* 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003) ("Whether a party has complied with

the arbitration award has no bearing on whether the arbitration award[ ] should be confirmed.");

*Am. Nursing Home v. Local 144,* 1992 WL 47553, at *2 (S.D.N.Y. Mar. 4, 1992) ("The issues of

compliance and confirmation are distinct from each other. A court may confirm an arbitration

award even in the absence of a showing of non-compliance." (citation omitted)).[3] The Second

Circuit explained that confirmation of an arbitration award is a "summary proceeding" that does

not "involve complex factual determinations, other than a determination of the limited statutory

conditions for confirmation or grounds for refusal to confirm." *Zeiler,* 500 F.3d at 169. Parts

Authority's citation to an outlier case from Colorado is obviously fruitless in the face of

controlling Second Circuit authority.

 Curiously, Parts Authority argues that there is no case or controversy warranting Ms.

Lucio's pursuit of an order confirming the Final Award.  But, at the same time, Parts Authority

seeks a full refund of the amount it paid to satisfy that award through its own motion for *vacatur.*

Certainly, that motion to vacate the Final Award creates a justiciable controversy.

 Similarly, there is no impediment to the Court reopening this matter for the sole purpose

of confirming the Final Award.  It is undisputed that this Court has jurisdiction over the instant

---

[3] That Parts Authority has expressly claimed a right to try to claw back its payment (*see*
Opposition at n.1) further emphasizes the inadequacy of this justification.

matter.  *See Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 706-07 (2d Cir. 1985) (in reviewing a district court's decision to confirm an arbitration award, finding that "the district court satisfied the two requirements for jurisdiction over the action: there was both diversity of citizenship and a 'contract evidencing a transaction involving commerce'" (citations omitted) and "find[ing] that venue was proper in the Eastern District of New York.").  Indeed, this Court has been exercising jurisdiction over the instant case since the complaint was initially filed on December 12, 2016.  Unsurprisingly, Parts Authority has provided this Court with no legal support for its conclusion that the case must be closed, and then re-filed, for the sole purpose of confirming the Final Award.  Such a path would not only needlessly waste judicial time and resources, it would contravene the very purpose of arbitration.  As noted above, arbitration awards are subject to very limited review because of the legitimate policy goal of "settling disputes <u>efficiently</u> and <u>avoiding long and expensive litigation</u>."  *Folkways Music*, 989 F.2d at 111 (emphasis added).  This Court should reject Parts Authority's attempt to add delay and expense on the back-end of the proceedings after it previously argued in favor of arbitration on the basis of avoiding such delay and expense.

Parts' Authority's argument that Ms. Lucio must file a new suit to obtain confirmation is largely based on its incorrect premise that she is not a party in this litigation.  However, Judge Dearie of this District has expressly rejected Parts Authority's argument.  In *Anjum v. J.C. Penney* Co., No. 1300460, 2014 WL 5090018, at *9 (E.D.N.Y. Oct. 9, 2014)*, Judge Dearie held that an FLSA opt-in plaintiff is joined as a party to the litigation pursuant to the clear language of § 16(b) of FLSA, 29 U.S.C. § 216(b).  *see also Sanchez v. El Rancho Sports Bar Corp.,* No. 13-5119, 2015 WL 3999161, at *5 (S.D.N.Y. June 30, 2015) (same, following *Anjum*).

17

Parts Authority's cites cases standing for the proposition that "opt-in plaintiffs' claims may be dismissed without prejudice" if the Court finds they are not similarly situated to the named plaintiff.  Opposition at 1-2 (citing *Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 300 (S.D.N.Y. 2015) (emphasis added); *Myers v. Hertz Corp.*¸ 624 F.3d 537, 555 (2d Cir. 2010)).  But, there was no such dismissal in this action; absent such a dismissal, Ms. Lucio became a party to the action on March 6, 2017, when she submitted her consent to join form, and that status never changed.

Further, Parts Authority seeks to create an unfair playing field by arguing that Ms. Lucio cannot obtain confirmation of her Final Award through this litigation, but that Parts Authority can obtain *vacatur* of the same Final Award through this litigation.  However, it is well-established that parties "cannot later be heard to complain" when they introduce similar evidence or argument.  *U.S. v. Mariani,* 539 F.2d 915, 921 (2d Cir. 1976); *see also, e.g., Brown v. Siemens Healthcare Diagnostics, Inc.,* 2012 U.S. Dist. LEXIS 106569, *18-19 (D. Md. Jul. 31, 2012) ("Mr. Brown likely waived his hearsay argument with regard to nearly all of the company's exhibits by relying on customer complaints and customer satisfaction survey results - the very types of items he challenges here - in his opposition papers.").

Similarly, although the Order expressly notes that a party may reopen the matter should any party wish to contest the arbitrator's decision, it in no way deprives this Court of its authority to reopen this case for other valid purposes.  *See* the Order at 5.  This particular language merely provides an avenue for reopening the action in the event that a party takes issue with the arbitrator's decision, but does not foreclose the options that are statutorily available for opening the action.  "[S]ummary confirmation" is a common practice, *Standard Microsystems Corp.*, 103

F.3d at 12, that this Court may certainly undertake without "leave to reopen" being expressly delineated in the Order.

Most significantly, each of the aforementioned bases cited by Parts Authority is nongermane to the grounds set forth in Section 10 of the FAA, which provides this Court with the sole statutory grounds and authority to vacate an arbitration award. Therefore, this Court should reopen the instant action for the sole purpose of confirming the Final Award.

## IV. Claimant's Counsel Are Entitled To $10,000 In Fees For Confirming The Award

In awarding Ms. Lucio $112,580.00 in fees, Arbitrator Masucci stated that "[b]oth Claimant and Respondents were represented by highly competent, sophisticated counsel who vigorously represented their clients." Final Award at 6. As she stated in the Motion, Ms. Lucio would not seek fees unless Parts Authority opposed the Motion. However, not only has Parts Authority opposed the Motion, but it has also filed a cross-motion to vacate Arbitrator Masucci's decision. Accordingly, Ms. Lucio seeks fees in the amount of $10,000 to compensate her counsel for the fees incurred confirming the Award. As set forth in Ms. Lucio's counsel's declaration, Ms. Lucio's counsel incurred fees of well over $20,000 responding to this motion, Frei-Pearson Decl. at ¶ 5, but Ms. Lucio nonetheless seeks fees of just $10,000 in order to minimize the burden on the Court. This fee request constitutes a negative multiplier of 2.19, which militates strongly in favor of approving the requested fees. Should Parts Authority oppose Plaintiffs' fee request and require yet more briefing on what should have been a simple confirmation motion, Plaintiffs reserve the right to seek additional fees.

### A. Legal Standard

A fee award in favor of a prevailing FLSA plaintiff is "mandatory." *Hagelthorn v. Kennecott Corp.,* 710 F.2d 76, 86 (2d Cir. 1983); *Pimental v. Memories Pub Inc.,* 2018 U.S. Dist. LEXIS 27923, *6-7 (E.D.N.Y. Feb. 20, 2018). In addition, "[f]ee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" *Monserrate v. Tequipment, Inc.,* 2012 U.S. Dist. LEXIS 164265, *2 (E.D.N.Y. Nov. 16, 2012) (quoting *Garcia v. Pancho Villa's of Huntington Village, Inc.,* 2012 U.S. Dist. LEXIS 144446, *19 (E.D.N.Y. Oct. 12, 2012) (quoting *Sand v. Greenberg,* 2010 U.S. Dist. LEXIS 1120, *9 (S.D.N.Y. Jan. 7, 2010). "FLSA [is a] remedial statute[] . . . the purposes of which [is] served by adequately compensating attorneys who protect wage and hour rights." *Id.* (collecting cases); *see, e.g.*, *Garcia,* 2012 U.S. Dist. LEXIS 144446, at *19 (citing *Reyes v. Altamarea Grp.,* 2011 U.S. Dist. LEXIS 115984, *20 (S.D.N.Y. Aug. 16, 2011) (citing *Willix v. Healthfirst*, 2011 U.S. Dist. 21102, at *17 (E.D.N.Y. Feb. 18, 2011)); *see also, e.g., Rasulev v. Good Care Agency, Inc.,* 2017 U.S. Dist. LEXIS 221519, *32 (E.D.N.Y. Jul. 28, 2017) ("Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of []FLSA[.]") (citing *Willix,* 2011 U.S. Dist. LEXIS 21102, at *17). "Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Willix,* 2011 U.S. Dist. LEXIS 21102, at *17 (citing *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 51 (2d Cir. 2000)).

Courts in this Circuit award fees to compensate for the time and efforts incurred in successfully opposing a motion to vacate an arbitration award when the underlying dispute is subject to fee shifting. *See, e.g., Universal Computer Servs. v. Dealer Servs.*, 2003 U.S. Dist. LEXIS 12237, *7-8 (E.D.N.Y. Jul. 17, 2003); *Rubenstein v. Advanced Equities, Inc.,* 2014 U.S. Dist. LEXIS 44567, *55-57 (S.D.N.Y. Mar. 31, 2014); *Elite Inc. v. Texaco Panama Inc.,* 777 F.Supp.289, 292 (S.D.N.Y. 1991); *Thomas v. Right Choice Staffing Grp., LLC,* 2018 U.S. Dist. LEXIS 101299, *12-13 (E.D. Mich. Jun. 18, 2018) (awarding attorney's fees for successful defense against a motion to vacate an arbitrator's award in an FLSA claim because "[t]he FLSA mandates an award of attorney's fees to a prevailing plaintiff) (citing 29 U.S.C. § 216(b)); *Herrington v. Waterstone Mortg. Corp.,* 2018 U.S. Dist. LEXIS 22374, *2 (W.D. Wis. Feb. 12, 2018) (awarding fees for efforts incurred in moving to confirm, and defending against motion to vacate, arbitration award in FLSA claim).

In the Second Circuit, the amount of attorney's fees awarded to a prevailing party may be determined by the "lodestar" method, which calculates the "presumptively reasonable fee" or what a "reasonable, paying client would be willing to pay." *Simmons v. N.Y. City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009); *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany,* 522 F.2d 182, 190 (2d Cir. 2008). Courts determine the "lodestar" fee by multiplying hours reasonably spent by a "reasonable hourly rate" based on the "prevailing [hourly rate] in the community . . . where the district court sits." *Simmons,* 575 F.3d at 175-76; *Arbor Hill,* 522 F.3d at 190; *Sajvin v. Singh Farm Corp.,* 2018 U.S. Dist. LEXIS 137485, *23 (E.D.N.Y. Aug. 13, 2018). Use of rates in the community where the district court sits is known as "the forum rule." *See, e.g., Arbor Hill,* 522 F.3d at 190.

The Court can assess the number of hours billed to determine if they are reasonable. "'The number of hours counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary.'" *Sajvin,* 2018 U.S. Dist. LEXIS 137485, at *22 (quoting *Finkel v. Metro Sign & Maint. Corp.,* 2010 U.S. Dist. LEXIS 106528, *44 (E.D.N.Y. Aug. 12, 2010), adopted by, 2010 U.S. Dist. LEXIS 106388 (E.D.N.Y. Oct. 5, 2010)).

From 2013 to 2018, the recognized "upper limit" for hourly fee rates in the this District was $450.00 per hour. *Sajvin,* 2018 U.S. Dist. LEXIS 137485, at *24. However, courts in this District recently recognized that the upper limit should be increased to $500.00 per hour. *Id.*, at *24-25 (recognized that $450.00 per hour rate had become "stagnant" and had failed to keep pace with higher Southern District of New York rates); *see also, e.g., Colon v. Berryhill,* 2018 U.S. Dist. LEXIS 60252, *6-8 (E.D.N.Y. Apr. 9, 2018) (awarding $500.00 per hour in social security case); *Guan v. Long Isl. Bus. Inst., Inc.,* 2017 U.S. Dist. LEXIS 217961, *7-8 (E.D.N.Y. Mar. 2, 2017) (awarding $500.00 per hour in FLSA and discrimination case).

### B. Plaintiffs' Counsel's Lodestar Is $21,890.00.

In the interest of efficiency and cost reduction, the bulk of the work on this motion was performed by W. Scott Terrell, a sixth year associate. Mr. Terrell is an associate at Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG") who graduated from the University of Virginia School of Law in 2013. Before joining FBFG, Mr. Terrell clerked for District Judge Dale S. Fischer and for Magistrate Judge Karen L. Stevenson, both in the U.S. District Court for the Central District of California. He also worked for four years in the Bronx County District Attorney's Office, serving successfully in the Trial Bureau and in the Appeals Bureau.

At FBFG, Mr. Terrell specializes in employment and consumer class actions in state and federal court. Mr. Terrell's customary hourly rate is $450. Based on the prevailing rates in the Eastern District, his hourly rate for purposes of this fee request have been reduced to $350.

Jeremiah Frei-Pearson, Mark Potashnick, and Andrew C. White, the attorneys who arbitrated Ms. Lucio's case to verdict, also reviewed, edited and supplemented this motion. As set forth in more details in FBFG's Firm resume and in the accompanying affidavits of Jeremiah Frei-Pearson and Mark Potashnick, all three attorneys are accomplished litigators and courts routinely approve Mr. Frei-Pearson's hourly rate of $850, Mr. Potashnick's hourly rate of $450.00, and Mr. White's hourly rate of $350. *See* Frei-Pearson Decl at ¶ 6; FBFG Firm Resume, Ex. H to Frei-Pearson Decl.; Declaration of Mark Potashnick "Potashnick Decl." at ¶ 10. However, in light of the prevailing rates for FLSA cases in this District, Mr. Frei-Pearson is only billing at hourly rates of $500, and Mr. Potashnick is only billing at a rate of $400.00 an hour.[4]

Collectively, Ms. Lucio's counsel spent a total of 59.5 hours responding to Parts Authority's motion to vacate. That time necessarily included research of the issues, identification of pertinent case law, reviewing the record for relevant citations, drafting an opposition filing, and editing those drafts. These hours are based on contemporaneous time records maintained by FBFG and Weinhaus & Potashnick. *See* Frei-Pearson Decl. at ¶ 5; Potashnick Decl. ¶ 10.

---

[4] Arbitrator Masucci tacitly approved these rates for Mr. Frei-Pearson and Mr. White. Final Award at 6-7 (rejecting Parts Authority's argument that Mr. Frei-Pearson and Mr. White's rates should be reduced).

Ms. Lucio's counsel's lodestar is $21,890.  Ms. Lucio's counsel are entitled to their full lodestar.  Nonetheless, to avoid protracted litigation over a relatively small amount, Plaintiffs' counsel have reduced their fee request to $10,000, which is effectively a negative multiplier of 2.19.  Thus, even if the Court were to cut Plaintiffs' counsel's proposed hourly rates (which are already discounted) in half, $10,000 would still be a reasonable fee award.  Accordingly, Ms. Lucio respectfully requests that she be awarded $10,000 in fees.[5]

## CONCLUSION

For the foregoing reasons, Ms. Lucio respectfully requests that this Court expeditiously (1) re-open the case for the limited purpose of confirming the Final Award, (2) enter an Order confirming the Final Award in all respects, as authorized by Section 9 of the Federal Arbitration Act, (3) enter Final Judgment thereon, and (4) award $10,000 in attorneys' fees.


Dated: June 17, 2019                    Respectfully Submitted,

                                        **FINKELSTEIN, BLANKINSHIP,**
                                        **FREI-PEARSON & GARBER, LLP**
                          By:           */s/ Jeremiah Frei-Pearson*
                                        Jeremiah Frei-Pearson
                                        Andrew C. White
                                        W. Scott Terrell
                                        445 Hamilton Avenue, Suite 605
                                        White Plains, New York 10601
                                        Telephone: (914) 298-3281
                                        Facsimile: (914) 824-1561
                                        jfrei-pearson@fbfglaw.com
                                        jsardesdai-grant@fbfglaw.com
                                        awhite@fbfglaw.com

                                        **WEINHAUS & POTASHNICK**

---

[5] Ms. Lucio reserves the right to seek additional fees if Parts Authority further protracts the confirmation process (for example, by opposing Ms. Lucio's discounted fee request).

Mark Potashnick, MO Bar # 41315
(admitted *pro hac vice*)
11500 Olive Boulevard, Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 997-9170
markp@wp-attorneys.com

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh, MO Bar # 43061
(admitted *pro hac vice*)
230 South Bemiston Avenue, Suite 1200
Clayton, Missouri 63105
Telephone: (314) 862-3333 ext. 13
Facsimile: (314) 863-0605
elikarsh@aol.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on Respondents' attorneys of record via the Court's electronic case filing system on the date reflected in the Court's electronic case filing records.

*/s/ W. Scott Terrell*
W. Scott Terrell