UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MAURICE JOHNSON, individually and on behalf  :
of other similarly situated persons,  :
                                              :
                                 Plaintiff,  :
                                              :
                  -against-                  :
                                              :
PARTS AUTHORITY, LLC, *et al.*               :
                                              :
                              Defendants.    :
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
16-CV-06852 (DLI) (RML)

**DORA L. IRIZARRY, United States District Judge:**

On December 12, 2016, Maurice Johnson ("Plaintiff") filed this putative collective and class action complaint, individually and on behalf of other similarly situated persons, against Parts Authority LLC, Parts Authority, Inc., Parts Authority Laurel Avenue LLC, Parts Authority Partners Franklin Avenue LLC, Parts Authority Southern LLC, Parts Authority-WAW LLC, Parts Authority District of Columbia LLC, Parts Authority Arizona LLC, Parts Authority Georgia LLC, Parts Authority Metro LLC, PA Austin LLC, and Yaron Rosenthal (collectively, "Defendants"). Plaintiff alleged, *inter alia*, that Defendants misclassified him as an independent contractor and failed to pay him overtime wages and minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), §§ 650, *et seq.*, respectively. *See generally*, Complaint ("Compl."), Dkt. Entry No. 1.

On January 11, 2017, Defendants moved to stay the action and compel arbitration of Plaintiff's claims. *See*, Defs.' Mot. to Stay and Compel Arb., Dkt. Entry No. 25-1. After the parties submitted their briefing on the motion, on March 6, 2017, Susana Lucio ("Lucio"), filed an FLSA consent form to opt in as a party plaintiff to the action pursuant to 29 U.S.C. § 216(b) ("§ 216(b)"). *See*, Dkt. Entry No. 31-1. On June 22, 2017, this Court referred Defendants' motion to

stay the action and compel arbitration to the Honorable Robert M. Levy, U.S.M.J., for a Report and Recommendation ("R&R"), which was issued on August 17, 2017.  On September 30, 2017, the Court adopted the R&R, in part, by granting Defendants' motion to compel arbitration of Plaintiff's claims, but rather than stay the action as recommended, the Court closed it with leave to reopen should any party wish to contest the arbitrator's decision.  *See*, Dkt. Entry No. 40.

On May 13, 2019, Lucio moved to reopen the case and to confirm the arbitration award rendered in her favor against Defendants Parts Authority LLC and Parts Authority, Inc., pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  Plf.'s Mot., Dkt. Entry No. 43.  Parts Authority LLC ("Parts Authority") opposed Lucio's motion and cross-moved to vacate the arbitration award, pursuant to 9 U.S.C. § 10.  Def.'s Opp. and Cross-Mot., Dkt. Entry No. 45-1.  Lucio replied, opposed Parts Authority's cross-motion to vacate, and moved for attorneys' fees.  Plf.'s Rep., Opp. and Mot. for Attys' Fees, Dkt. Entry No. 47.  Parts Authority replied and opposed Lucio's motion for attorneys' fees.  Def.'s Rep. and Opp., Dkt. Entry No. 49.  Lucio further replied.  Plf.'s Rep., Dkt. Entry No. 50.  For the reasons set forth below, Lucio's motion to reopen the case and to confirm the arbitration award is granted, and Parts Authority's cross-motion to vacate the award is denied.  The motion for attorneys' fees was terminated with leave to reinstate upon the resolution of the motion to reopen and confirm the arbitration award.

## BACKGROUND

Plaintiff alleges Defendants, *inter alia*, misclassified their delivery drivers as independent contractors and failed to pay them overtime wages and minimum wage, in violation of FLSA and NYLL.  *See generally*, Compl.  Defendants moved to stay the action and compel arbitration of Plaintiff's claims pursuant to an owner-operator agreement Plaintiff entered into with Diligent Delivery Systems ("Diligent").  *See*, Defs.' Mot. to Stay and Compel Arb.  Diligent is a third-party

logistics company that arranges commercial transportation services for its clients in the automotive industry. *Id.* at 7. Plaintiff contracted with Diligent for opportunities to provide delivery services, and Defendants contracted with Diligent to receive logistic services, including delivery. *Id.* at 6.

Plaintiff's owner-operator agreement with Diligent contained an arbitration clause that applied to "all controversies . . . arising out of or related to the parties' relationship or [o]perator's performance of services for DILIGENT or its customers[.]" *See*, Exhibit A at ¶ 17(g) to Defs.' Mot. to Stay and Compel Arb., Dkt. Entry No. 26. Defendants argued that this clause mandated arbitration of Plaintiff's claims against Defendants, as they were customers of Diligent. Plaintiff opposed Defendants' motion. *See*, Dkt. Entry No. 28. Defendants replied. *See*, Dkt. Entry No. 30. After the parties submitted their briefs, Lucio filed a FLSA consent form to opt in as a party plaintiff to the action pursuant to § 216(b). *See*, Dkt. Entry No. 31-1.

This Court then referred Defendants' motion to stay and compel arbitration to Magistrate Judge Levy for an R&R. The magistrate judge concluded that the arbitration clause in Plaintiff's owner-operator agreement with Diligent applied to the dispute between Plaintiff and Defendants because Defendants were customers of Diligent, and the subject matter of the action was intertwined with Plaintiff's arrangement with Diligent. *See*, R&R, Dkt. Entry No. 36 at 10-11. Consequently, the magistrate judge recommended that this Court compel arbitration of Plaintiff's claims and stay the action. *Id.* at 11. The Court adopted the R&R in part, compelling Plaintiff to arbitrate the matter. *See*, Dkt. Entry No. 40. However, rather than stay the action, this Court administratively closed the case with leave to reopen should any party wish to contest the arbitrator's decision. *Id.*

Lucio moves to reopen the action and to confirm an arbitration award rendered in her favor against Defendants Parts Authority LLC and Parts Authority, Inc. *See*, Plf.'s Mot. The arbitrator

found that these Defendants misclassified Lucio as an independent contractor and she was entitled to unpaid wages as an employee under FLSA. *See*, Arbitrator's Award, Dkt. Entry No. 47-2. The arbitrator awarded Lucio $5,865.54 in unpaid wages, $5,865.54 in liquidated damages, $112,580.00 in attorneys' fees, and costs of $5,775.48, and ordered Defendants Parts Authority LLC and Parts Authority, Inc. to pay $2,950.00 for arbitration administrative fees, $16,150.00 for the arbitrator's fees, and $300.00 to Lucio. *Id.* at 8-9; Plf.'s Mot. at 1. Parts Authority opposes Lucio's motion to reopen the case and to confirm the arbitration award for lack of standing and moves to vacate the award on the grounds that the arbitrator manifestly disregarded the law. *See*, Def.'s Opp. and Cross-Mot. Lucio opposes Parts Authority's cross-motion to vacate and moves for attorneys' fees under FLSA for her counsels' efforts to confirm the arbitration award. *See*, Plf.'s Rep., Opp. and Mot. for Attys' Fees. Parts Authority opposes Lucio's motion for attorneys' fees. *See*, Def.'s Rep. and Opp.

## **DISCUSSION**

### A.   **Motion to Reopen the Action**

Parts Authority argues that Lucio lacks standing to reopen the action because she was not a party to Defendants motion to compel arbitration, and she does not contest the arbitration award, which has been satisfied. Def.'s Opp. and Cross-Mot. at 8-9. The Court disagrees and finds that Lucio is a party to this action. FLSA creates a rule of joinder for actions against an employer for failure to pay wages and provides that "[n]o employee shall be a party plaintiff to any such action unless [s]he gives h[er] consent in writing to become such a party and such consent is filed in the court in which such action is brought." § 216(b). If the opt in plaintiff files written consent, "she becomes party to the lawsuit through a separate action joined to the original lawsuit, which commences on the date written consent is filed." *Anjum v. J.C. Penney Co., Inc.*, 2014 WL

4

5090018, at *12 (E.D.N.Y. Oct. 9, 2014) (citing 29 U.S.C. § 256(b)).  Thus, when Lucio filed the consent to join the collective action, she became a party plaintiff through a separate action that was joined to Plaintiff's original lawsuit.

The Court's Order compelling arbitration of Plaintiff's claims did not apply to Lucio's separate action.  Plaintiff did not move for conditional certification of an FLSA collective action under § 216(b).  Therefore, the Court never determined whether Lucio and Plaintiff were "similarly situated" under § 216(b).  *See*, *Brown v. AvalonBay Cmtys., Inc.*, 2019 WL 1507901, at *8 (E.D.N.Y. Mar. 29, 2019) (court must decide affirmatively that proposed collective member is "similarly situated" to named plaintiff before member can be "bound by the result of the suit").  Accordingly, Lucio was not bound by the result in Plaintiff's suit.

However, conditional certification of a collective action was not required for Lucio to retain her status as a party plaintiff.  "The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required."  *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018).  "Although § 216(b) . . . requires an opt-in plaintiff [to] be similarly situated to the named plaintiff, the opt-in plaintiffs remain party plaintiffs until the district court determines they are not similarly situated and dismisses them."  *Id.*  The Court's Order administratively closing Plaintiff's action did not dismiss Lucio's separate action, bar Lucio from moving to confirm an arbitration award or bar Parts Authority from moving to vacate that award.

Furthermore, Lucio's satisfaction of the arbitration award by Parts Authority does not strip Lucio of standing to confirm the award.  *See*, *Dist. Council No. 9 v. APC Painting, Inc.*, 272 F. Supp.2d 229, 239 (S.D.N.Y. 2003) (A party's compliance with an arbitration award has "no bearing on whether the arbitration awar[d] should be confirmed.").  "A court may confirm an

arbitration award even in the absence of a showing of non-compliance." *Am. Nursing Home v. Local 144 Hotel, Hosp., Nursing Home & Allied Servs. Union*, 1992 WL 47553, at *3 (S.D.N.Y. Mar. 4, 1992) (citing *Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir. 1987)). This is because "[t]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Ottley*, 819 F.2d at 377 (internal quotation marks and citation omitted). Accordingly, Lucio's motion to reopen the case for the limited purpose of confirming the arbitration award is granted.

**B.** **Motion to Confirm the Arbitration Award**

There is a "strong federal policy favoring arbitration, the enforcement of arbitration agreements and the confirmation of arbitration awards." *Pike v. Freeman*, 266 F.3d 78, 89 (2d Cir. 2001); *Porush v. Lemire*, 6 F. Supp.2d 178, 181-182 (E.D.N.Y. 1988) (outlining the "strong presumption" in favor of enforcing and confirming such awards). "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "[T]here is no general requirement that arbitrators explain the reasons for their award," *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir. 1972), and an arbitration award should be enforced if there is "a barely colorable justification for the outcome reached[.]" *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978). The Court "must grant" the award "unless the award is vacated, modified, or corrected[.]" 9 U.S.C. § 9.

Parts Authority seeks to vacate the arbitration award rendered in Lucio's favor claiming that the arbitrator manifestly disregarded the law. Def.'s. Opp. and Cross-Mot. at 9; Def.'s Rep. and Opp. at 2. "The Court's role in reviewing arbitration awards is very limited and the Second

6

Circuit reads the Court's authority to vacate arbitration awards very narrowly." *Andrea Doreen, Ltd. v. Bldg. Material Local Union* 282, 250 F. Supp.2d 107, 115 (E.D.N.Y. 2003).  "A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *D.H. Blair & Co.*, 462 F.3d at 110.

Awards are vacated on grounds of manifest disregard of law only in "exceedingly rare instances where some egregious impropriety on the part of the arbitrato[r] is apparent[.]" *Duferco Int'l Steel Trading v. T Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003).  An award may be vacated on this ground if : "(1) the law that the arbitrato[r] allegedly ignored was clear and 'explicitly applicable to the matter before [her];' (2) 'the law was in fact improperly applied, leading to an erroneous outcome;' and (3) the arbitrato[r] knew of the law's existence and applicability, but intentionally disregarded it." *Agility Pub. Warehousing Co. K.S.C. v. Supreme Foodservice GmbH*, 840 F. Supp.2d 703, 711 (S.D.N.Y. 2011) (quoting *T.Co Metals, LLC v. Dempsey Pipe and Suppy, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010)).

Parts Authority argues that the arbitrator knew Lucio held the burden of proof to show that she was an employee to prevail on her FLSA claim, but the arbitrator ignored this requirement. Def.'s Opp. and Cross-Mot. at 10.  Specifically, Parts Authority claims that the arbitrator ruled in Lucio's favor simply because Lucio believed she was an employee. *Id.* at 10-11.  The Court finds that the arbitrator knew Lucio held the burden of proof.  In her decision, the arbitrator cited to *Bonet v. Now Courier Inc.*, 203 F. Supp.3d 1195, 1207 (S.D. Fla. 2016), which states that for a plaintiff to prevail on a FLSA claim, the plaintiff must prove she is performing services as an employee, and the evidence must reflect that relationship.  *See*, Arbitrator's Award at 5.  However, the arbitrator did not intentionally disregard or misapply this rule.  The arbitrator examined the

evidence from the parties, including Plaintiff's testimony, and found that "there was sufficient evidence provided to support an employee/employer relationship." *Id.* at 6.

The arbitrator applied the rule and found that the collective evidence from the parties supported a finding that Lucio was an employee and not an independent contractor. Given that there was a colorable justification for the outcome the arbitrator reached, the Court finds that the arbitrator did not manifestly disregard the law. Accordingly, Parts Authority's motion to vacate the arbitration award on this ground is denied, and Lucio's motion to confirm the award is granted. *See*, *AmeriCredit Fin. Servs., Inc. v. Oxford Mgmt. Servs.*, 627 F. Supp.2d 85, 102 (E.D.N.Y. 2008) ("Upon the denial of a motion for vacatur, the Court must confirm an arbitration award.").

## <u>CONCLUSION</u>

For the reasons set forth above, Lucio's motion to reopen and to confirm the arbitration award is granted, and Parts Authority's cross-motion to vacate the award is denied. Lucio's motion for attorneys' fees shall be reinstated.

SO ORDERED.

Dated: Brooklyn, New York
     September 30, 2020

/s/
_____
DORA L. IRIZARRY
United States District Judge
