UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MAURICE JOHNSON, individually and on
behalf of other similarly situated persons,

                Plaintiff,                          REPORT AND
                                                          RECOMMENDATION

   -against-
                                                          16 CV 6852 (DLI)(RML)

PARTS AUTHORITY, LLC, *et al.*,

                Defendants.
----------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated October 13, 2020, the Honorable Dora L. Irizarry, United States District Judge, referred opt-in plaintiff Susana Lucio's motion for attorney's fees to me for report and recommendation. (Order Referring Motion for Attorney Fees, dated Oct. 13, 2020.) For the reasons stated below, I respectfully recommend that Lucio's motion for attorney's fees be denied.

## BACKGROUND

        The court presumes familiarity with the facts underlying this action, which are set forth more fully in the Memorandum and Order issued on September 30, 2020. (Order Granting Motion to Reopen Case and Confirm Arbitration Award, dated Sept. 30, 2020, Dkt. No. 53, at 1-3.) Briefly, named plaintiff Maurice Johnson alleged that defendants Parts Authority, LLC; Parts Authority, Inc.; Parts Authority Laurel Avenue LLC; Parts Authority Partners Franklin Avenue LLC; Parts Authority Southern LLC; Parts Authority-WAW LLC; Parts Authority District of Columbia LLC; Parts Authority Arizona LLC; Parts Authority Metro LLC; PA Austin LLC (collectively, "Parts Authority") and Yaron Rosenthal misclassified their delivery drivers as independent contractors and failed to pay them overtime wages and minimum wages in violation

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and New York Labor Law ("NYLL") §§ 605, *et seq.* (See generally Complaint, dated Dec. 12, 2016, Dkt. No. 1.) Defendants moved to stay the action and compel arbitration of plaintiff's claims pursuant to an owner-operator agreement plaintiff entered into with Diligent Delivery Systems ("Diligent"). (See Memorandum in Support of Defendants' Motion to Stay Plaintiff's Action and Compel Arbitration, dated Jan. 11, 2017, Dkt. No. 25-1.) Judge Irizarry referred defendants' motion to stay and compel arbitration to me for report and recommendation and I recommended that the court compel arbitration of plaintiff's claims and stay the action. (See Report and Recommendation, dated Aug. 17, 2017 ("R&R"), Dkt. No. 36, at 10-11.) The court adopted the R&R in part and compelled plaintiff to arbitrate the matter. (See Order Adopting Report and Recommendation in Part and Modifying in Part, dated Sept. 30, 2017, Dkt. No. 40.) Rather than stay the action, the court administratively closed the case with leave to reopen if any party wished to contest the arbitrator's decision. (Id.)

On May 13, 2019, opt-in plaintiff Susana Lucio moved to reopen the case to confirm an arbitration award rendered in her favor. (See Motion to Reopen Case and Confirm Arbitration Award, dated May 13, 2019, Dkt. No. 43.) Lucio also requested that the court award her reasonable attorney's fees and costs in the event that defendants opposed her motion. (Id. at 5.) Defendants opposed Lucio's motion for lack of standing and cross-moved to vacate the arbitration award on the ground that the arbitrator manifestly disregarded the law. (See Memorandum in Opposition to Petition to Confirm Arbitration Award and in Support of Defendants' Cross-Motion to Vacate, dated June 10, 2019, Dkt. No. 45-1.) Lucio replied, opposed defendants' cross-motion to vacate, and moved for attorney's fees. (See Reply in Support of Motion to Reopen Case and Confirm Arbitration Award and Opposition to

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and New York Labor Law ("NYLL") §§ 605, *et seq.* (See generally Complaint, dated Dec. 12, 2016, Dkt. No. 1.) Defendants moved to stay the action and compel arbitration of plaintiff's claims pursuant to an owner-operator agreement plaintiff entered into with Diligent Delivery Systems ("Diligent"). (See Memorandum in Support of Defendants' Motion to Stay Plaintiff's Action and Compel Arbitration, dated Jan. 11, 2017, Dkt. No. 25-1.) Judge Irizarry referred defendants' motion to stay and compel arbitration to me for report and recommendation and I recommended that the court compel arbitration of plaintiff's claims and stay the action. (See Report and Recommendation, dated Aug. 17, 2017 ("R&R"), Dkt. No. 36, at 10-11.) The court adopted the R&R in part and compelled plaintiff to arbitrate the matter. (See Order Adopting Report and Recommendation in Part and Modifying in Part, dated Sept. 30, 2017, Dkt. No. 40.) Rather than stay the action, the court administratively closed the case with leave to reopen if any party wished to contest the arbitrator's decision. (Id.)

On May 13, 2019, opt-in plaintiff Susana Lucio moved to reopen the case to confirm an arbitration award rendered in her favor. (See Motion to Reopen Case and Confirm Arbitration Award, dated May 13, 2019, Dkt. No. 43.) Lucio also requested that the court award her reasonable attorney's fees and costs in the event that defendants opposed her motion. (Id. at 5.) Defendants opposed Lucio's motion for lack of standing and cross-moved to vacate the arbitration award on the ground that the arbitrator manifestly disregarded the law. (See Memorandum in Opposition to Petition to Confirm Arbitration Award and in Support of Defendants' Cross-Motion to Vacate, dated June 10, 2019, Dkt. No. 45-1.) Lucio replied, opposed defendants' cross-motion to vacate, and moved for attorney's fees. (See Reply in Support of Motion to Reopen Case and Confirm Arbitration Award and Opposition to

Defendants' Cross-Motion to Vacate, dated June 17, 2019, Dkt. No. 47; Motion for Attorney's Fees, dated June 18, 2019, Dkt. No. 48; Reply in Support of Motion for Attorney's Fees, dated July 1, 2019 ("Pl.'s Reply"), Dkt. No. 50.) The court terminated Lucio's motion for attorney's fees pending a decision on Lucio's motion to reopen the case and confirm the arbitrator's award. (Order Terminating Motion for Attorney Fees, dated Sept. 30, 2020.)

On September 30, 2020, Judge Irizarry granted Lucio's motion to reopen the case and confirm the arbitration award, denied defendants' cross-motion to vacate the award, and reinstated Lucio's motion for attorney's fees. (See Memorandum and Order, dated Sept. 30, 2020, Dkt. No. 53.) On October 13, 2020, Judge Irizarry referred Lucio's motion for attorney's fees to me for report and recommendation. (Order Referring Motion for Attorney Fees, dated Oct. 13, 2020.)

## DISCUSSION

"'Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121, 126 (2015) (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252-53 (2010) (internal quotation marks omitted)). Lucio moved to confirm the arbitration award pursuant to Section 9 of the Federal Arbitration Act ("FAA") and seeks a total of $12,500 in attorney's fees in light of defendants' opposition to Lucio's motion to confirm the arbitration award as well as defendants' cross-motion to vacate the arbitration award. (See Motion to Reopen Case and Confirm Arbitration Award ¶¶ 10, 19; Motion for Attorney's Fees, dated June 18, 2019, Dkt. No. 48; Pl's Reply at 2-4.) The FAA, however, does not provide for the recovery of attorney's fees. See Mason Tenders Dist. Council of Greater New York & Long Island v. Champion Elec. Mech. Builder Corp., No. 18 CV 10821, 2019 WL 464232, at *3 (S.D.N.Y.

3

Feb. 6, 2019); Abondolo v. Jerry WWHS Co., 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011); Int'l Chem. Workers Union (AFL–CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985). And, while the FLSA permits prevailing plaintiffs to recover attorney's fees, that does not mean that a successful party is also entitled to attorney's fees incurred in bringing a petition to confirm an arbitration award. Cf. Abandolo, 829 F. Supp. 2d at 130 (noting that while ERISA requires an award of attorney's fees to a prevailing party, "this does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award").

Absent clear statutory authority, courts have routinely awarded attorney's fees in cases where a party, without justification, fails to abide by an arbitration award. See Champion Elec. Mech. Builder Corp., 2019 WL 464232, at *3; First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Emps., 118 F.3d 892, 898 (2d Cir.1997) (citing Int'l Chem. Workers Union, Local 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985)). Here, though, defendants *have* abided by the arbitration award. As directed by the arbitration award, Parts Authority issued full payment to Lucio on May 24, 2019. (Defendants' Reply in Support of Cross-Motion to Vacate and in Opposition to Request for Attorney's Fees, dated June 24, 2019, Dkt. No. 49, at 3; Declaration of Jeremiah Frei-Pearson, Esq., dated June 17, 2019, Dkt. No. 47-1, ¶ 4.)

Additionally, defendants' opposition to Lucio's motion to confirm the arbitration award and subsequent cross-motion to vacate the arbitration award do not in and of themselves provide a basis for awarding plaintiff attorney's fees. A court may award attorney's fees pursuant to its inherent equitable powers "when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons." Int'l Chem. Workers Union, 774 F.2d at 47. "An award of sanctions under the court's inherent power requires both 'clear evidence that the

4

challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes. . . .'" Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986)); see also Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (interpreting the bad faith standard "restrictively" and vacating imposition of fees based on counsel's repeated filing of meritless motions on ground that a lack of merit alone does not automatically imply bad faith); Kerin v. U.S. Postal Service, 218 F.3d 185, 192 (2d Cir. 2000) (award of bad faith fees vacated where not supported by specific finding that conduct in question was both meritless and undertaken with improper motives); Milltex Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 41 (2d Cir. 1995) ("We will uphold sanctions under the 'bad-faith exception to the American Rule' only when serious misconduct clearly appears on the record."). Lucio has put forth no evidence to suggest that defendants' opposition or cross-motion, while ultimately denied, reflected misconduct or bad faith. Therefore, an award of attorney's fees under this court's inherent powers is not appropriate.

Furthermore, the cases Lucio cites in support of her argument that courts in this Circuit award attorney's fees incurred in successfully opposing a motion to vacate an arbitration award, see Pl.'s Reply at 2, are inapplicable and unpersuasive as they involve actions to confirm an arbitration award in which the underlying agreement contained language providing for attorney's fees. See Rubenstein v. Advanced Equities, Inc., No. 13 CV 1502, 2015 WL 585561, at *4 (S.D.N.Y. Feb. 10, 2015) (awarding attorney's fees incurred in connection with motion to vacate arbitration award and cross-motion to confirm "[b]ased on the unambiguous language of the promissory notes—which states that [defendants] are liable for any and all of the holder's costs in connection with the enforcement and collection of unpaid amounts, including without limitation any and all attorneys' fees"); Universal Computer Servs., Inc. v. Dealer Servs., Inc.,

5

No. 02 CV 6563, 2003 WL 21685567, at * 2 (E.D.N.Y. July 18, 2003) (noting that the underlying contracts contained provisions requiring defendant "to pay each of the petitioners any and all expenses including reasonable attorneys' fees incurred in collection of amounts due"); Elite Inc. v. Texaco Panama Inc., 777 F. Supp. 289, 292 (S.D.N.Y. 1991) (finding that the charter language, which stated that "damages for breach of this Charter shall include all provable damages, and all costs of arbitration suit and attorneys' fees incurred in any action hereunder" supported award of attorney's fees). In contrast, the underlying agreement at issue in this case contains no such language. (See Owner Operator Agreement, attached as Ex. A to the Declaration of Larry Browne, filed Jan. 11, 2017, Dkt. No. 26.)

I find that there is no basis to award Lucio attorney's fees for the work associated with her motion to confirm the arbitration award or defendants' cross-motion to vacate the arbitration award. Therefore, I respectfully recommend denying Lucio's motion for attorney's fees.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Lucio's motion for attorney's fees be denied. Any objections to this report and recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      August 13, 2021

6