UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MAURICE JOHNSON, individually and on :
behalf of other similarly situated persons, :
    :
                        Plaintiffs, :
    :
             -against- : **MEMORANDUM AND ORDER**
    : **REJECTING REPORT**
PARTS AUTHORITY, LLC, et al., : **AND RECOMMENDATIONS**
    : 16-cv-06852 (DLI) (RML)
                       Defendants. :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On August 13, 2021, the Honorable Robert M. Levy, United States Magistrate Judge, issued a Report and Recommendations ("R&R") recommending that this Court deny opt-in Plaintiff Susana Lucio's ("Plaintiff") motion for attorneys' fees in this action brought against Parts Authority LLC, Parts Authority, Inc., Parts Authority Laurel Avenue LLC, Parts Authority Partners Franklin Avenue LLC, Parts Authority Southern LLC, Parts Authority-WAW LLC, Parts Authority District of Colombia LLC, Parts Authority Arizona LLC, Parts Authority Georgia LLC, Parts Authority Metro LLC, PA Austin LLC, and Yaron Rosenthal (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and New York Labor Law ("NYLL") §§ 650, *et seq.  See generally*, Complaint, Dkt. Entry No. 1; R&R, Dkt. Entry No. 58. Specifically, Plaintiff prevailed at arbitration, which included an award of attorneys' fees. She now seeks additional attorneys' fees in connection with her subsequent successful efforts to confirm and defend the arbitration award. R&R at 1-3; Lucio Arbitration Award, Dkt. Entry No. 47-2 (awarding $112,580 in attorneys' fees, $5,775.48 in costs, and $11,731.08 in damages). On August 27, 2021, Plaintiff timely filed objections to the R&R. *See*, Pl. Objs. to the R&R ("Pl. Objs."), Dkt. Entry No. 59. Defendants opposed Plaintiff's objections. Defs.' Opp'n to Pl. Objs.

to the R&R ("Defs.' Opp'n"), Dkt. Entry No. 60. For the reasons set forth below, the R&R is rejected and Plaintiff's motion for attorneys' fees is granted.

## STANDARD OF REVIEW

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects. *See*, Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted).

On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of N.Y.*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted).

After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## DISCUSSION

I.  **Entitlement to Attorneys' Fees**

The Court presumes the parties' familiarity with the R&R and underlying proceedings. Plaintiff objects to the R&R on four grounds: (1) the magistrate judge failed to apply law holding that Plaintiff, a successful FLSA claimant, is entitled to fees related to confirming an arbitration award and for successfully opposing a motion to vacate the same; (2) the magistrate judge ignored case law by distinguishing between statutory and contractual fee shifting requirements; (3) the magistrate judge improperly considered the standard for awarding attorneys' fees under the Court's inherent power to sanction parties' conduct; and (4) the magistrate judge overlooked the fact that, after Defendants paid the arbitration award to Plaintiff, Defendants placed that award in jeopardy by later moving to vacate the award.

The Court finds that *de novo* review is appropriate to address Plaintiff's first objection. The magistrate judge concluded that there was no clear statutory authority under the Federal Arbitration Act ("FAA") or FLSA requiring an award of attorneys' fees to a prevailing party when seeking to confirm an arbitration award. *See*, R&R at 3-4. While it appears that the question of whether the FLSA authorizes such an award specifically has not been addressed by the Second Circuit, a review of the Second Circuit's interpretation of similar fee shifting statutes counsels a different outcome.

The magistrate judge relied on *Abondolo v. Jerry WWHS*, a district court decision from within this district, which held that, in an Employee Retirement Income Security Act of 1974 ("ERISA") case for unpaid contributions, the fee shifting statute "does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm

3

an arbitration award." *Abondolo*, 829 F. Supp.2d 120, 130 (E.D.N.Y. 2011).  In direct contrast, the Second Circuit has observed that "'[a]n action to confirm an arbitrator's award of such payments [under ERISA] is considered to be an action to recover unpaid contributions,' allowing for an award of attorneys' fees."  *Odeon Capital Grp. LLC v. Ackerman*, 864 F.3d 191, 199 (2d Cir. 2017) (quoting *Supreme Oil Co. v. Abondolo*, 568 F. Supp.2d 401, 409 (S.D.N.Y. 2008)).  The relevant language from the ERISA statute is mandatory, not discretionary, and provides that a prevailing party "is entitled to an award of reasonable attorneys' fees and costs."  *Id.*; 29 U.S.C. § 1132(g)(2)(D).

Similarly, the Second Circuit has interpreted the NYLL's fee shifting statute to mandate an award of attorneys' fees in an action to confirm or enforce an arbitration award.  *See*, *Odeon Capital Grp. LLC*, 864 F.3d at 199.  "This is consistent with the purposes underlying [the NYLL], which explicitly serves as a fee-shifting statute to provide one more safeguard to assure employees of proper payment of wages under the law and [to act as] a deterrent against abuse and violations."  *Id.* (internal quotations and citation omitted).

The same principle has been applied to the Age Discrimination in Employment Act's ("ADEA") fee shifting provision in the context of awarding attorneys' fees for services spent litigating reasonable attorneys' fees, or what is commonly referred to as "fees on fees."  *See*, *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 142 (2d Cir. 2007).  Declining to award fees on fees would reduce "the attorney's effective rate for all the hours expended on the case" and "[s]uch a result would not comport with the purpose behind most statutory fee authorizations, [v]iz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies."  *Id.* (quoting *Gagne v. Maher*, 594 F.3d 336, 344 (2d Cir. 1979)).  The analysis is apt, as the ADEA "incorporates by reference 29

4

U.S.C. § 216(b) of the [FLSA]," which mandates "a reasonable attorney's fee to be paid by the defendant." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 822 (2d Cir. 1997).

These statutory interpretations and policy concerns should apply to the FLSA, which is a "uniquely protective statute." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015). Its purposes "require that it be applied even to those who would decline its protections." *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985). This beneficent statute, which intends to protect workers, "require[s] defendant employers to pay the attorneys' fees of prevailing plaintiff workers to encourage 'private attorneys' general' to enforce the statute." *Toure v. Thunder Lube Inc.*, 2019 WL 4805197, at *5 (E.D.N.Y. Sept. 30, 2019) (quoting *Trinidad v. Pret a Manger (USA) Ltd.*, 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014)). "Plaintiffs' counsel's role as private attorneys general is key to the effective enforcement of these statutes." *Zambrano v. Strategic Delivery Sols., LLC*, 2016 WL 5339552, at *6 (S.D.N.Y. Sept. 22, 2016) (citation omitted). In line with these considerations, the Court interprets the FLSA's fee shifting provision to apply to actions to confirm or defend an arbitration award.

The case at hand illustrates how denial of attorneys' fees would frustrate the purposes of the FLSA. Here, Plaintiff was awarded $11,731.08 in damages at arbitration, but subsequently incurred, according to Plaintiff's counsel, $34,880 in attorneys' fees for confirming and defending the arbitration award. *See*, Mem. of Law in Support of Attorneys' Fees ("Pl. Fees Mot."), Dkt. Entry No. 47, at 24 ($21,890 for Motion); Reply Mem. of Law in Support of Attorneys' Fees ("Pl. Rep."), Dkt. Entry No. 50, at 5 ($12,990 for Reply). The claimed attorneys' fees are more than triple the amount of awarded damages. If fees were denied, Plaintiff would have prevailed on the merits at arbitration only to be undone financially by the costs of a subsequent "summary proceeding" simply to confirm the arbitration award. *Seneca Nation of Indians v. New York*, 988

F.3d 618, 626 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). Additionally, denial of fees would have a substantial chilling effect on future FLSA litigants who may fear that, despite reaching the finish line, they would be unable to cross it.

This conclusion is consistent with the overwhelming consensus of courts outside of this Circuit that have awarded attorneys' fees to FLSA plaintiffs who have successfully confirmed or defended an arbitration award. *See*, *Nelson v. PJ Cheese, Inc.*, 2021 WL 2493252, at *2 (N.D. Ga. June 17, 2021) ("Because the FLSA provides that a plaintiff who receives a judgment in his favor is entitled to attorney's fees and costs, this Court finds it appropriate to award Petitioner the attorney's fees that he incurred in confirming the award."); *Ashton v. PJ Louisiana, Inc.*, 2020 WL 1068161, at *2 (W.D. LA. Mar. 3, 2020) ("This Court finds that [plaintiff] is legally entitled to recover her attorney's fees incurred in the confirmation of the arbitration award."); *Thomas v. Right Choice Staffing Grp., LLC*, 2018 WL 3020531, at *5 (E.D. MI. June 18, 2018) ("[Plaintiff] is entitled to an award for the reasonable attorneys' fees he incurred responding to Defendants' motion to vacate the arbitration award."); *Thomas v. Grease Guard, LLC*, 2018 WL 1137183, at *1 (N.D. GA. Jan. 5, 2018) ("The Court finds it appropriate to award attorneys' fees for the costs incurred in confirming the award."); *Morrill v. G.A. Wright Mktg., Inc.*, 2006 WL 2038419, at *5 (D. CO. July 18, 2006) (awarding attorneys' fees to an ADEA plaintiff for defending an arbitration award regardless of "[w]hether the instant proceedings are characterized as an appeal, enforcement or some other collateral proceeding").

Defendants have not provided any precedent within or without this Circuit where attorneys' fees have been denied in this specific context. Indeed, none of the decisions on which Defendants rely involved the FLSA. *See*, *Bay Shore Power Co. v. Oxbow Energy Sols., LLC*, 969 F.3d 660, 667 (6th Cir. 2020) (analyzing FAA and parties' agreement); *Menke v. Monchecourt*, 17 F.3d

6

1007, 1009 (7th Cir. 1994) (analyzing FAA and Illinois Consumer Fraud Act); *Davison Design & Dev., Inc. v. Frison*, 2019 WL 1745787, at *1-2 (W.D. Pa. Apr. 18, 2019) (analyzing FAA, American Inventor's Protection Act, and parties' agreement).

Thus, based on the policy considerations underlying the FLSA, the Second Circuit's interpretation of similar fee shifting statutes, and other districts' decisions on this issue, a prevailing FLSA plaintiff is entitled to reasonable attorneys' fees in connection with affirming or defending an arbitration award. As the Court has resolved Plaintiff's first objection in her favor, it need not discuss her remaining objections which, in any event, are without merit. Accordingly, the R&R is rejected and Plaintiff's motion for attorney's fees is granted.

## II.     Reasonable Attorneys' Fees

The Court must determine the reasonableness of Plaintiff's attorneys' fees, noting that Plaintiff does not seek costs. When assessing the reasonableness of legal fees, a court determines the "presumptively reasonable fee" for an attorney's services by examining what reasonable clients would be willing to pay. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). In determining a presumptively reasonable fee, a court first must determine a reasonable hourly rate for the legal services performed. *Id.* at 184. Next, a court must determine the reasonableness of the hours expended by counsel. *See*, *Feltzin v. Union Mall LLC*, 393 F. Supp.3d 204, 211 (E.D.N.Y. 2019). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Torcivia v. Suffolk Cty.*, 437 F. Supp.3d 239, 251 (E.D.N.Y. 2020) (citation omitted).

7

In determining reasonable attorney's fees, the court must calculate a "lodestar" figure based on the number of reasonable hours counsel spent on the case multiplied by a reasonable hourly rate. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). The lodestar figure should comport with prevailing rates within the community in which the district court sits in similar cases served by attorneys of "reasonably comparable skill, experience and reputation." *Id*. (citing *Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984) and *Polk v. New York State Dept. of Correctional Services,* 722 F.2d 23, 25 (2d. Cir. 1983).

Plaintiff's counsel relies on a number of cases from the Southern District of New York and other jurisdictions to support their requested hourly rates. However, this district's rates apply. "In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals." *Feltzin*, 393 F. Supp.3d at 212. These rates have been applied in FLSA cases. *See*, *McFarlane v. Harry's Nurses Registry*, 2021 WL 2646327, at *4 (E.D.N.Y. June 28, 2021) (in FLSA case, reducing hourly rates of managing partner with 11 years of experience from $500 to $400 and associate with 4 years of experience from $400 to $225). "[R]ates at the high end of the range are generally reserved for partners with a significant amount of experience—usually 20 years or more." *Id.* (citing *Nam v. Ichiba Inc.*, 2021 WL 878743, at *10 (E.D.N.Y. Mar. 9, 2021)). Furthermore, requests for hourly rates in excess of $500 consistently have been reduced to no more than $450. *See*, *Argonaut Ins. Co. v. Manetta Enters., Inc.*, 2021 WL 170832, at *3 (E.D.N.Y. Jan. 19, 2021) (collecting cases).

**A.     Reasonable Hourly Rate**

Plaintiff claims she has accrued $34,880 in fees for confirming and defending the arbitration award. However, she only seeks $12,500 so as to not "further protract this process." Pl. Rep. at 5. Plaintiff does not seek fees associated with her initial motion to reopen this case and

8

confirm the arbitration award. She seeks fees only for the work done in defending Defendants' opposition and cross-motion to vacate the award.

Jeremiah Frei-Pearson's requested hourly rate of $500 is reduced, despite his reported regular rate of $850. He is a founding partner of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), graduated from law school in 2003, and has received a number of awards. As he has been practicing for fewer than twenty years, his rate should be somewhat below the high end of the prevailing range in this district. Accordingly, Frei-Pearson's hourly rate is reduced from $500 to $425.

Mark Potashnick's requested hourly rate of $400 is approved. He is a partner at Weinhaus & Potashnick, graduated from law school in 1993, and has 26 years of experience in labor, employment, and employment benefits law. Based on his well articulated experience and the various awards that he has received, the Court is satisfied that his requested hourly rate is reasonable.

Andrew C. White's and W. Scott Terrell's requested hourly rates of $350 are reduced as excessive. Both are associates at FBFG. Terrell, a 2013 law school graduate and sixth-year associate at FBFG, charges a regular rate of $450. While Terrell currently specializes in employment and consumer class action matters, he previously spent four years at the Bronx County District Attorney's Office and completed two federal judicial clerkships over an unspecified period of time. Thus, it appears that Terrell actually has worked on FLSA cases only for a few years. Accordingly, his hourly rate is reduced from $350 to $300. Plaintiff provides almost no relevant information for White, accordingly, his hourly rate is reduced from $350 to $225.

### B.     Reasonable Hours Expended

Based on a review of the records presented and the nature of the work performed, it is clear that it was unnecessary to have four attorneys from two firms spend a collective 95.3 hours on this matter, and that a significant reduction is appropriate. Plaintiff's proposed reduction sufficiently accounts for this overage, representing nearly a 65% discount from her accrued fees of $34,880. Applying the reduced hourly rates that the Court has set would result in an across the board reduction of fees by 55% to 60%. The Court has reviewed Plaintiff's submitted time records and is satisfied that the reduced amount sought by Plaintiff is appropriate under the totality of the circumstances presented here. Accordingly, Plaintiff is awarded attorneys' fees in the amount of $12,500.

### CONCLUSION

For the foregoing reasons, the Court rejects the R&R and grants Plaintiff's motion for attorneys' fees in the amount of $12,500.

SO ORDERED.

Dated: Brooklyn, New York
       September 16, 2021

/s/
DORA L. IRIZARRY
United States District Judge