**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY
SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

January 31, 2022

**VIA ECF**
Judge Robert M. Levy
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 1201

Re:   *Johnson v. Parts Authority, LLC et al.*, No. 16-06852-DLI-RML
      **Request For Pre-Motion Conference For Judicial Approval Of FLSA Settlement
      Or, In The Alternative, Request For Judicial Approval of FLSA Settlement**

Dear Judge Levy,

This firm represents opt-in plaintiff Emerson Da Silva ("Plaintiff") in the above-referenced action. Plaintiff now submits this letter jointly with Defendants to respectfully request a pre-motion conference regarding Plaintiff's forthcoming motion for judicial approval of his FLSA settlement, pursuant to the requirements under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The settlement provides Plaintiff with $22,000.00 inclusive of $7,333.33 in counsel fees and of $951.48 in costs. The parties respectfully submit that the settlement meets the *Cheeks* requirements and respectfully request that the Court grant the parties a pre-motion conference, or in the alternative, approve the settlement and dismiss the Plaintiff's claims with prejudice.

**I.    Background And Procedural History.**

On or about March 6, 2017, Plaintiff asserted claims against Parts Authority, LLC and Parts Authority, Inc. (collectively "Parts Authority") as an opt-in plaintiff in *Johnson v. Parts Authority, LLC et al.*, 16-6852 (S.D.N.Y.) (the "Federal Action"). The claims asserted in the Federal Action include claims arising under the Fair Labor Standards Act ("FLSA") based on delivery services allegedly provided by Claimant to Defendants. Parts Authority moved to compel arbitration of the plaintiffs' claims in the Federal Action and, by Order dated September 30, 2017, the Court granted the motion and administratively closed the Federal Action. On or about May 20, 2019, Plaintiff commenced an individual arbitration against Parts Authority administered by the AAA which has assigned it case number 01-19-0002-3515 (the "Arbitration").

Plaintiff DaSilva alleges that he was misclassified by Defendants as an independent contractor during the time he worked for Parts Authority as a delivery driver. Plaintiff worked from approximately June 2014 until about August 2016 at Defendants' Parts Authority store located at 1700 Enterprise Way in Marietta, Georgia. Plaintiff alleges that he was improperly denied reimbursement for the use of his personal vehicles for the Defendants' benefit. Defendants deny any improper or unlawful conduct with respect to Plaintiff. Defendants further deny that an employer-employee relationship existed as to Plaintiff and deny any fault or liability with respect to their claims.

Arm's-length settlement negotiations led to the resolution of Plaintiff's claims. The terms and conditions reflected in the Settlement Agreement and Release are the product of the parties' negotiations and represent a fair and reasonable compromise of a *bona fide* dispute.

## II. The Court Should Grant A Pre-Motion Conference To Approve The Parties' Settlement And Plaintiff's Release, Or, In The Alternative, Approve The Settlement.

"In reviewing proposed settlements under the FLSA, the core inquiry for courts is 'whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Durand v. Excelsior Care Group LLC*, No. 19-2810, 2021 WL 5409097 (E.D.N.Y. 2021) (quoting *Rotthoff v. New York State Cath. Health Plan, Inc.*, No. 19-4027, 2021 WL 1310220, at *2 (E.D.N.Y. 2021)). It is now "well-settled that an employee may waive a FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement." *See Medley v. Am. Cancer Soc.*, No. 10-cv-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (citing *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Stds. Admin., Wage and Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

To determine whether a FLSA settlement is fair and reasonable, the Court may consider: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See, e.g.*, *Durand*, 2021 WL 5409097, at *3.

First, Plaintiff's range of recovery in this case is the subject of some speculation. Defendants contends that Plaintiff was not an employee and thus not entitled to reimbursement of vehicle costs, and that even if Plaintiff had been misclassified, that their compensation adequately covered all vehicle expenses, and that their pay did not fall below the minimum wages and they thus have no damages. *See Oliveira v Parts Authority, LLC*, AAA No. 01-19-0001-1957 (Berger) (finding no liability in a related arbitration of a similarly situated delivery driver). Accordingly, settlement for $22,000.00 is a fair compromise, given the risk of non-recovery. *See Rotthoff v. New York State Catholic Health Plan, Inc.*, No. 19-4027, 2021 WL 1310220 (E.D.N.Y. 2021) (noting that one-third of settlement amount for attorneys' fees is within the range of approval in this District, collecting cases).

Second, the settlement avoids substantial burden and expense. Plaintiff, who faces significant health challenges, instructed his counsel that he wishes to receive a settlement payment as soon as possible, instead of continuing to litigate for years. The settlement saves time and expense including in travel costs, expert witness costs, not to mention legal fees for both parties. If Plaintiff were to continue on to litigate, the parties would continue to accrue great expenses. Further, Plaintiff's health is currently very poor, and Plaintiff is not sure whether he can endure the burden of litigation for much longer.

Third, litigation risks for Plaintiff are substantial. For Plaintiff, there is a risk that he will lose his arbitration and the reality that he needs payment without the further delay of protracted arbitration. *See Oliveira v. Parts Authority, LLC* (arbitration final award in favor of Defendants). Settlement in this instance allows Plaintiff to reduce his risk -- including the risk of non-payment or non-recovery.

Fourth, the record in this case makes clear that both parties benefited from the zealous advocacy of their attorneys from the beginning of this case and at every step along the way.[1] That same zeal carried over into the negotiation of the appended Settlement Agreement and Release. There is no doubt that it is the product of arm's-length negotiations.

Fifth, there is nothing to suggest the presence of fraud or collusion.

For these reasons, the parties respectfully request that the Court find that the parties' Settlement Agreement and Release are fair and reasonable.

## III. Conclusion

Because the Settlement Agreement and Release is fair and reasonable, the parties respectfully request that the Court grant a pre-motion conference to discuss the Settlement Agreement, or, in the alternative, approve the signed Settlement Agreement and Release, attached as Exhibit A. In the event that the Court has any questions regarding the parties' agreement or if the Court requires any additional information regarding the settlement, counsel for the parties are happy to make themselves available for a telephone or in-person conference at the Court's convenience. We thank Your Honor for your time and attention to this application and the above matter.

Respectfully Submitted,

By: */s/Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: (914) 298-3281
Facsimile: (914) 824-1561
jfrei-pearson@fbfglaw.com

---

[1] Plaintiff's counsel seek attorneys' fees of thirty-three percent of the settlement amount, as well as costs, as is standard in this District. See *Rotthoff*, 2021 WL 1310220, at *4 (noting that one-third of settlement amount for attorneys' fees is within the range of approval in this District, collecting cases). Notably, the amount of fees sought here is a fraction of the fees counsel incurred in this arbitration, which involved substantial motion practice and depositions.

**WEINHAUS & POTASHNICK**
Mark Potashnick, MO Bar # 41315
(*pro hac vice* granted)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 997-9170
markp@wp-attorneys.com

*Counsel for Plaintiffs
and the Putative Classes*

Attachments

cc: All Counsel of Record (via ECF and email)