# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Emerson DaSilva, residing at 1501 Anna Ruby Ln, Kennesaw, Georgia 30152 ("Claimant") and BBB Logistics, Inc. d/b/a Diligent Delivery Systems ("Diligent").

**I.  RECITALS**

A.  On or about March 5, 2017, Claimant asserted claims against Parts Authority, LLC and Parts Authority, Inc. (collectively "Parts Authority") as an opt-in plaintiff in *Johnson v. Parts Authority, LLC et al.*, 16-cv-6852 (S.D.N.Y.) (the "Federal Action"). The claims asserted in the Federal Action include claims arising under the Fair Labor Standards Act ("FLSA") and the state wage and hour laws of New York based on delivery services allegedly provided by Claimant to Defendants.

B.  Parts Authority moved to compel arbitration of the name-Plaintiff's claims in the Federal Action and, by Order dated September 30, 2017, the Court granted the motion and administratively closed the Federal Action. The Court's Order compelling arbitration of named-Plaintiff's claims did not apply to Claimant.

C.  On or about May 20, 2019, Claimant commenced an individual arbitration against Parts Authority administered by the AAA which has assigned it case number 01-19-0002-3515 (the "Arbitration").

D.  Parts Authority has denied any improper or unlawful conduct with respect to Claimant, denied that any employment relationship existed between Claimant and Parts Authority and/or Diligent, and denied that Claimant is entitled to any damages or relief. By entering into this Agreement, Diligent and/or Parts Authority do not admit fault or liability. Claimant agrees that this Agreement shall not be considered evidence of any wrongdoing by Diligent and/or Parts Authority. Claimant acknowledges that Diligent and Parts Authority claim that the agreement he signed with Diligent created an independent contractor relationship. Claimant further acknowledges that as an independent contractor, he would not be entitled to minimum wage or overtime under state or federal laws. Claimant agrees that in the event any action, complaint, charge, grievance or arbitration is filed on his behalf against any of the Releasees (defined below), which asserts claims arising out of events occurring prior to the execution of this Agreement based or otherwise dependent upon an allegation that Claimant, or Diligent owner/operators generally, were improperly treated as independent contractors or paid inappropriately or insufficiently this Agreement shall be a complete defense in any such proceeding and to any damages that may be awarded in such proceeding.

E.  The parties agree that the Federal Action and the Arbitration involve disputed issues of both fact and law. The parties mutually wish to settle the claims asserted in the Federal Action and the Arbitration in accordance with the terms and conditions set forth in this

1

Agreement. This Agreement applies to all matters relating to or arising out of events, whether known or unknown, occurring up to the date this Agreement is executed by Claimant.

THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

## II.     COVENANTS

1.     <u>Payment to Claimant</u>.  Diligent agrees to pay Claimant the total gross sum of Twenty-two Thousand Dollars ($22,000.00) ("Settlement Payment"). Payment shall be made by (i) a check in the amount of $13,715.19 payable to Claimant and (ii) a check in the amount of $8,284.81 payable to "Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as attorneys for Emerson DaSilva." The Settlement Payment shall be paid within thirty days after the later of (i) the dismissal of the Arbitration with prejudice and (ii) the withdrawal from the Federal Action with prejudice.  Claimant agree to pay all federal, state or local taxes which may become due, if any, as a result of the Settlement Payment.  Claimants agrees and affirms that the payment described in this Paragraph shall constitute the entire amount of monetary consideration provided to him and his legal counsel under this Agreement and that neither he nor legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Claimant's relationship with Parts Authority and/or Diligent.

2.     <u>Mutual Release of Claims</u>.  As consideration for the Settlement Payment, Claimant, individually and on behalf of his successors, heirs, and assigns, hereby settles and releases Released Parties (as defined below) from any and all actions, charges, causes of action, complaints, claims, judgments and liabilities of any kind or nature whatsoever, know or unknown, suspected or unsuspected, in law or in equity, that Claimant at any time had, claimed to have, may have or may claim to have that are premised in whole or in part on an assertion that Claimant was an employee of Parts Authority and/or Diligent, his owner operator agreement or the termination of his owner operator agreement.  Without limiting the generality of the foregoing, the release by this Agreement includes claims for minimum wages, vehicle related costs, and overtime pay under the Fair Labor Standards Act (collectively, the "Released Claims").

For purposes of this Agreement, "Released Parties" shall mean Diligent and Parts Authority, and each of their parent corporations and their respective present and former affiliates, subsidiaries, successors, predecessors, assigns, directors, members, officers, shareholders, supervisors, employees, attorneys, agents and representatives, and any other individual or entity that may be alleged to have been Claimant's "employer," including but not limited to those based on Plaintiff providing delivery services pursuant to his contract with BBB Logistics, Inc.

Parts Authority and Diligent release Claimant from any and all claims, charges, actions and causes of action of any kind or nature that they once had, could have had, or now have arising

out of Claimant's relationship with Parts Authority and/or Diligent whether such claims are now known or unknown.

3. **No Other Claims Filed**. Claimant represents and warrants that other than the Federal Action and the Arbitration, he has not filed and will not file any claim, complaint or charge with any local, state, or federal agency or enforcement body. If such a claim, complaint or charge has been or is filed, Claimant shall not be entitled to any further recovery or relief other than the payment set forth in Paragraph 1. Claimant waives any right to become, and promises not to voluntarily become, a member of any class in a case in which any claim or claims are asserted against the Releasees which are released pursuant to this Agreement.

4. **Limitations on Waiver and Release.**

   a. No provision in this Agreement shall be interpreted as a release of any claim that cannot lawfully be released.

   b. Nothing in this Agreement is intended to or does waive or infringe Claimant's right to file a charge of discrimination or complaint with the EEOC or any federal, state, or local agency responsible for investigating alleged violations of federal, state, or local laws, or from participating in investigations, proceedings, or litigation conducted by any such agency.

5. **No Future Employment; No Future Contracting**. As a free and voluntary act, Claimant agrees that he will never seek or accept employment with Diligent or Parts Authority, and will never seek or accept an opportunity to provide services to Diligent or Parts Authority as an independent contractor or subcontractor. If the provisions of this Paragraph are breached by Claimant, his application may be rejected without any resulting liability to Diligent or any of the Released Parties.

6. **Dismissal with Prejudice**. Claimant authorizes and directs Finkelstein, Blankinship, Frei-Pearson & Garber, LLP to prepare and file any and all documents necessary to effectuate (i) the dismissal of the Arbitration with prejudice and (ii) the withdrawal from the Federal Action with prejudice. If judicial approval of this Agreement is required, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP shall provide Parts Authority's counsel with a reasonable opportunity to review and consent to Claimant's application for such approval. Claimant shall bear all future costs incurred by him or on his behalf in connection with this Agreement.

7. **No mistake**. Claimant waives all rights to assert that this Agreement was the result of a mistake in law or in fact. Further, Claimant waives all rights to assert that any or all of the legal theories or factual assumptions used for negotiating purposes are for any reason inaccurate or inappropriate.

8. **Claimant's Authority to Release**. Claimant hereby covenants and warrants that he has not assigned, transferred or purported to assign or transfer to any person any portion of any claims which are released and waived by this Agreement. Claimant agrees not to assign, transfer or purport to assign or transfer any portion of any such claims.

9. **Entire Agreement; Modification**. This Agreement sets forth the complete agreement between the parties. No other covenants or representations have been made or relied on by the parties, and no other consideration, other than that set forth herein, is due or owing between the parties. This Agreement may not be modified except in a writing signed by all parties.

10. **No Further Representations**. Claimant represents that he has read this Agreement in its entirety, and he understands each of its terms. Claimant further represents that no representations, promises, agreements, stipulations, or statements have been made by any of the Released Parties to induce this settlement, beyond those contained herein. Claimant further represents that he voluntarily signs this Agreement as his own free act, and that he is not acting under any coercion or duress

11. **Interpretation of Agreement**. Each party acknowledges and stipulates that the compromises and settlements that form the basis of the Agreement have been arrived at after thorough bargaining and negotiation and represent a final, mutually agreeable compromise of matters provided herein. The Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the parties. If any provision of this Agreement should be declared to be unenforceable by any administrative agency or court of law, the remainder of the Agreement shall remain in full force and effect, and shall be binding upon the parties hereto as if the invalidated provision were not part of this Agreement.

12. **Governing Law**. This Agreement shall be governed by and construed in accordance with federal law and the laws of the state of New York, without regard to its conflict of laws principles, as applicable.

13. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (i.e., via DocuSign). The executed signatures may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

IN WITNESS THEREOF, and intending to be legally bound, the parties have executed this Agreement.

Dated: 6/25/2021

_____
Emerson DaSilva

BBB Logistics, Inc.

Dated: 06/30/2021

By: _____